## HOLLINGSWORTH v. HOLLINGSWORTH et al.

### No. 3866.

Court of Civil Appeals of Texas. Texarkana.

June 20, 1930.

Rehearing Denied June 26, 1930.

Cunningham & Lipscomb, of Bonham, for appellant.

Sturgeon, Birmingham & Sturgeon, of Paris, for appellees.

WILLSON, C. J.

In her petition appellee Mrs. A. J. Hollingsworth, plaintiff in the court below, alleged that she owned in fee simple an undivided one-half of 96.1 acres of land in Fannin county and "a homestead right and interest in and to" all of the 96.1 acres. She prayed for judgment against appellant W. A. Hollingsworth and appellee Robert Beard, defendants in said court, "for the title and possession" of the 96.1 acres. It appeared from evidence heard at the trial (which was to the court without a jury) that the land belonged to the community estate between Mrs. Hollingsworth and her deceased husband and for many years during his lifetime, and at the time he died constituted their homestead. Appellant W. A. Hollingsworth was a son of Mrs. Hollingsworth's said deceased husband by a former marriage, and at his death as his heir took a fee-simple title to an undivided interest in the 96.1 acres, subject to Mrs. Hollingsworth's homestead right therein. He and appellee Beard, who, as his tenant, had possession of the land, claimed that when her husband died Mrs. Hollingsworth moved off of the land "and abandoned all claims of homestead therein," and that she therefore was not entitled to the relief she prayed for. The court found the fact to be that Mrs. Hollingsworth "never abandoned (quoting) said land and premises as her homestead," and concluded that she was "entitled to a homestead right and interest" in all of same and "to full possession, control and management" thereof, and thereupon rendered judgment that she recover the 96.1 acres (particularly describing same) "of and from the defendants W. A. Hollingsworth and Robert Beard."

 The contention urged here by W. A. Hollingsworth (who alone prosecuted the appeal) is that the judgment is fundamentally erroneous in that it vests the fee-simple title to the entire 96.1 acres in Mrs. Hollingsworth, in face of the fact that she claimed such a title to only an undivided one-half thereof and the fact that it appeared from the evidence that he (said W. A. Hollingsworth) owned the fee in an undivided part of the land.

We doubt if the judgment when considered as a whole does that; but to avoid any question about it, it will be so reformed as to specifically award Mrs. Hollingsworth a recovery of the title to only an undivided one-half of the 96.1 acres and a recovery of the possession and right of possession of all the land during her lifetime or so long as she may elect to use or occupy it as a homestead, and, as so reformed, will be affirmed.

The doubt, if there is any, as to the legal effect of the judgment does not appear to have been called to the attention of the court below in a motion for a new trial or otherwise. If it had been, doubtless the judgment would have been properly corrected. The costs of the appeal therefore will be adjudged against the appellant.