## COLORADO & SOUTHERN RAILWAY COMPANY v. L. R. HAMM.

### Decided June 29, 1907.

**1.—Stenographer's Act—Appeal—Transcript.**

Documentary evidence introduced on the trial of a cause, and referred to and described in the stenographer's report, is properly embraced in the clerk's transcript of the proceedings, when so directed by the trial court or judge. Such evidence should not be copied into the stenographer's report. By the phrase "embraced in the stenographer's report," in section five of the stenographer's Act of 1905, is meant such reasonable description of the documentary evidence as will identify the same.

**2.—Same—Judicial Act.**

By the phrase "written direction of the Court," as used in section five of the stenographer's Act of 1905, is meant that the direction may be made by the judge either in term time or within twenty days thereafter, and such direction given by the trial judge to the clerk of his court within twenty days after adjournment to include certain documents, used in evidence, in his transcript of the proceedings, is valid.

**3.—Appeal—Reversal—Res Adjudicata.**

In a suit against two railroad companies judgment was rendered against one and in favor of the other. The defendant against whom judgment was rendered appealed, and executed an appeal bond payable to the plaintiff alone. On appeal the judgment of the trial court was reversed in general terms. Held, that the judgment of the trial court was *res adjudicata* as to the defendant in whose favor judgment had been rendered on the first trial, and therefore a bar to a second trial as to such defendant.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*Spoonts, Thompson & Barwise* and *W. T. Allen*, for appellant.— The plaintiff having sued the appellant and the Fort Worth & Denver City Ry. Co. to enforce separate liabilities against each of them, and judgment having been rendered against the last named defendant and in favor of the appellant, and no appeal having been taken either by the plaintiff or said last named defendant as to the judgment in favor of the appellant, the Court of Civil Appeals was without jurisdiction to reverse or set aside said judgment in favor of appellant. Woeltz v. Woeltz, 93 Texas, 549; Anderson v. Silliman, 92 Texas, 560; National Bank of Cleburne v. Carper, 67 S. W. Rep., 188; Lauchheimer v. Coop, 99 Texas, 386.

*J. H. Harper,* for appellee.

CONNER, CHIEF JUSTICE.—As assignee of Highfill & Houston, appellee instituted this suit against the Fort Worth & Denver City Railway Company and the appellant, the Colorado & Southern Railway Company, to recover damages to three several shipments of cattle, made in June, 1904, from Bellevue, Texas, to Denver, Colorado. By his first amended original petition, filed March 20, 1905, appellee alleged that the Fort Worth & Denver City Railway Company undertook to transport said cattle from Bellevue to Texline in safety and with reasonable dispatch, and there deliver the same to its connecting carrier, the appellant herein, for further transportation to said Denver, with like safety and reasonable dispatch. It was further alleged that it was the duty of appellant to promptly and without unreasonable delay receive and accept said cattle in the order in which they arrived at Texline, and to transport them over its said line of railroad to Denver, in the State of Colorado, there to be delivered to the consignees for sale upon the market. Negligence, rough handling, and delay in transportation from Bellevue to Denver, were charged against each of the defendants, thereby causing the damages sought to be recovered.

The cause was first tried on the 30th day of May, 1905, and resulted in a verdict and judgment in favor of the plaintiff against the Fort Worth & Denver City Railway Company for six hundred and twenty-five dollars, and a verdict and judgment in favor of the appellant. From this judgment the Fort Worth & Denver City Railway Company alone appealed, and this court reversed it and remanded the cause for a new trial because of errors pointed out in the opinion. See Ft. Worth & D. C. Ry. Co. v. Hamm, 15 Texas Ct. Rep., 202. The cause again coming on for trial upon the amended petition already mentioned, the appellant pleaded in bar the former verdict and judgment rendered in its favor on the 30th day of May, 1905, and after introducing its testimony in support of this plea, requested the court to instruct the jury to return a verdict in its favor, which instruction the court refused, and the trial before a jury resulted in a verdict against appellant for five hundred and sixty dollars and seventy-three cents, and against the Fort Worth & Denver City Railway Company for two hundred and forty-two dollars. Judgment on November 15, 1906, was entered in accordance with the verdict, and appellant prosecutes this appeal.

The only question presented by appellant is whether its plea of *res adjudicata* should have been sustained. As preliminary to a discussion of this question, however, it is necessary to dispose of a motion filed by appellee to strike from the record the evidence relied upon by appellant in support of said plea. We have before us a stenographic report of evidence duly certified and approved, and also a transcript by the clerk of the court which he certifies contains a true copy of all proceedings save the stenographer's report accompanying the transcript. It is in this clerk's transcript that the evidence of the former proceedings appear. We therein find copy of the judgment of the District Court of May 30, 1905, in appellant's favor,

as alleged in appellant's plea; also copy of the appeal bond filed by the Fort Worth & Denver City Railway Company on its said appeal, showing that appellee alone was made payee; also copy of the mandate and opinion of this court in general terms reversing that judgment and remanding the cause for a new trial; also copy of written direction of the trial judge, filed December 19, 1905, for the clerk, upon appeal, to copy the several evidences mentioned in his transcript.

In substance appellee insists in his motion that the judge was not authorized to give the direction mentioned because made after term time and hence when not acting as a court, and that the incorporation of the documentary evidence in the clerk's transcript was unauthorized because not embraced in the stenographer's report, the stenographer's Act of 1905 being relied upon as supporting these contentions.

The Act referred to is entitled: "An Act to provide for the appointment of a competent stenographer to report cases, and to make the report of such stenographer, when filed and approved, the statement of facts of the oral evidence in the case; and to provide for the compensation of such stenographer." Sections one and two provide for the appointment of official stenographers, and sections three and five (all that we deem necessary to quote) are as follows:

"Sec. 3. It shall be the duty of the official stenographer to attend all sessions of the court, to take full stenographic notes of the oral evidence offered in every case tried in said court, together with all objections to the admissibility of testimony, the rulings of the court thereon, and all exceptions taken to such rulings; to preserve all official notes taken in said court for future use or reference, and to furnish either party to the suit a transcript of all of said evidence or other proceedings, upon the payment to him of the compensation hereinafter provided."

"Sec. 5. In case an appeal is taken from the judgment rendered in said case, said original stenographer's transcript shall be sent up as the record of said cause as the report of the testimony therein, the cost of such transcript paid by either party to be taxed against the party losing on such appeal; provided, any original documentary evidence, sketches, maps, plats or other matters introduced in evidence, and if embraced in the stenographer's report, may be made a part of the record of said cause by written direction of the court, which may be sent up in the original form if requested by either party to the suit, or transcribed by the clerk with other parts of the record therein; provided, that in any case where such stenographic transcript is not made, this Act shall not apply . . ."

We conclude that appellee's contentions must be overruled. Construing sections three and five together with the caption, we think the Act under consideration must be construed to mean that the stenographer's report, when taken and approved as provided in the Act, becomes the sole statement of the oral evidence on the trial, and that when original documentary evidence is introduced, if embraced in the stenographer's report, the same may be and is properly made part of the record on appeal, when transcribed by the clerk (or in original form if so requested) with other parts of the record, when

directed so to do by the court or judge. By the qualifying phrase, "and if embraced in the stenographer's report," in section five, when given a reasonable interpretation, must be meant that the stenographer's report should contain mention and such reasonable description of any documentary evidence as will identify the same, in order to guard against the incorporation in the clerk's transcript, by mistake or otherwise, of instruments not offered in evidence. It can not reasonably mean that the stenographer should have made full copy of such documentary evidence in his notes, for it is not made his duty to make such copies, nor does the law require the performance of a useless thing, viz.: copies of documentary evidence by both stenographer and clerk. We think the stenographer's report sufficiently embraces the documentary evidence under consideration, as will be seen from the following quotation therefrom:

"The defendant, the Colorado & Southern Ry. Co. introduced in evidence the following matters:

"(1) The judgment of the District Court of Clay County, Texas, in this cause, entered upon the minutes of this court on the 30th day of May, 1905, in which judgment it was adjudged and decreed that the plaintiff take nothing as to the Colorado & Southern Railway Company, and said company go hence without date, etc.

"(2) The judgment of the Court of Civil Appeals in this cause, reversing the judgment of the District Court of Clay County, Texas, entered in said cause on the 30th day of May, 1905, and remanding same for a new trial.

"(3) The appeal bond in said cause, filed herein on the 12th day of June, 1905, by the Ft. Worth & Denver City Railway Company, in which the plaintiff was the sole payee."

By the "written direction of the court," as used in section five, must be meant, we think, that the direction may be made by the judge either within term time or within twenty days thereafter. While generally there is a well defined distinction between the term *court* and the term *judge,* yet the terms are often interchangeable, dependent upon their use, object and connection. Black's Law Dict., title Court; Pressley v. Lamb (Ind.), 4 N. E. Rep., 682; Gold v. Vermont Cent. Ry., 19 Vt. 478; Railway Co. v. Ry. Co., 3 Ind., 239; State v. Caywood (Iowa), 65 N. W. Rep., 385; Porter v. Flick (Neb.), 84 N. W. Rep., 262. Courts, as such, make no written directions: they make rulings and decrees, which are entered on the minutes by the clerk and otherwise preserved as parts of the record. The law makes it the duty of the trial judge, in case of appeal, to see that a substantially accurate statement of all the material evidence introduced on the trial of the case is made up for the guidance of the appellate tribunal, and no such judicial function is involved in the performance of this duty as requires us to adopt appellee's construction, viz., that the direction given by the trial judge was unauthorized because not at the time sitting as a court. It has been held in effect that the Act of 1905, relating to stenographers, etc., does not repeal other laws relating to statements of fact save when they necessarily conflict, and by all the provisions of previous laws the approval of the trial judge is full verification of the sufficiency and accuracy of a

statement of facts. Rev. Stats., arts. 1379-80 and 1414. Construing these statutes with the Act of 1905, we conclude that the term court, as used in section five of the Act referred to, is synonymous with the term judge. It is therefore immaterial that the written direction was not given in term time. Rev. Stats., art. 1381, expressly authorizes a statement of facts to be "made up and signed and filed in vacation," and it is undisputed that the written direction of the judge was given within twenty days after the adjournment of the term of court at which the present trial was had. Appellee's motion to strike from the record the evidence mentioned is accordingly overruled.

Having concluded that the evidence is properly before us, the assignments of error require the further determination of whether it conclusively establishes appellant's said special plea. We think it does. While appellee sues the railway companies named jointly, he does not allege them to be partners nor either an agent for the other, or that either acted together with the other in the wrongs committed by it. So that, as presented, appellee's cause of action was clearly severable and the judgment of May 30, 1905, in appellant's favor is therefore conclusive, appellee not having appealed therefrom, notwithstanding the reversal of the judgment in general terms on an appeal by the Fort Worth & Denver City Railway Company. Woeltz v. Woeltz, 93 Texas, 549; Anderson v. Silliman, 92 Texas, 560; National Bank of Cleburne v. Carper, 67 S. W. Rep., 188; Lauchheimer v. Coop, 99 Texas, 386.

The evidence being undisputed, we conclude that the judgment should be reversed and here rendered for appellant, and it is so ordered.

*Reversed and rendered.*