## DUNNE v. VOGELEY. (No. 929.)

(Court of Civil Appeals of Texas. El Paso. Feb. 13, 1919.)

APPEAL AND ERROR ⬥⟾654—RECORD—SUP-PLYING OMISSIONS— STIPULATION AS CONSTITUTING PLEADING.

A stipulation whereby defendant, in consideration of an extension of time, agreed that judgment might be taken against him, is a pleading in the nature of a confession of judgment (Vernon's Sayles' Ann. Civ. St. 1914, art. 2007) and not a matter of evidence, which, when certified as being left out of the transcript by mistake, would have to be certified by the trial court.

Error from District Court, El Paso County; P. R. Price, Judge.

Suit by E. H. Vogeley against Joe Dunne. Judgment for plaintiff, and defendant brings error. Affirmed.

M. W. Stanton, of El Paso, for plaintiff in error.

Jones, Jones, Hardie & Grambling, of El Paso, for defendant in error.

HARPER, C. J. This action is here by writ of error sued out from a judgment in favor of E. H. Vogeley against Joe Dunne for $2,432.32 and 8 per cent. interest from date and foreclosure of an attachment lien on certain lots in the city of El Paso, Tex.

The petition shows this to have been a suit upon certain promissory notes with vendor's lien, and the prayer is that plaintiff have judgment for the amount of the notes, and foreclosure of the lien. The judgment appealed from recites that:

"The plaintiff appeared and announced that he would no further prosecute his suit as against Lackland, and others named, and announced ready for trial upon his suit against Joe Dunne, and thereupon all matters of fact as well as law in plaintiffs' suit against Joe Dunne were submitted to the court, and a jury not having been demanded, * * * and thereupon the court having heard the pleadings and the evidence, and being fully advised in the premises, doth find. * * *"

Appellee suggests that this an agreed judgment and that, if any errors were committed, they were cured by the agreement. Parks v. Knox, 61 Tex. Civ. App. 493, 130 S. W. 203; Live Stock Co. v. West Texas Co., 111 S. W. 418. No statement of facts.

There is nothing in the decree entered to indicate that it was an agreed judgment. However, appellee has by certiorari brought up a certified copy of a paper signed "Joe Dunne" from the trial court amending the transcript as filed, which is an agreement, in consideration of an extension of time, that a judgment may be taken for the full amount of the notes, interest, and attorney's fees as claimed by plaintiff's petition, and also that the attachment lien may be foreclosed upon the lots described in the judgment.

The district clerk certifies that it is a true and correct copy of a stipulation filed in this office on the 5th day of February, 1918, in cause No. 14704, in which E. H. Vogeley is plaintiff and Joe Dunne is one of the defendants, and "the original is on file in my office; said instrument was left out of the transcript by mistake." Appellant does not in any way question its authenticity. If this instrument was a thing in the nature of evidence, then it would be necessary for appellee to have had the trial court certify to it in the form required for a statement of facts. Kimmey v. Abney, 107 S. W. 885; Newnom v. Williamson, 46 Tex. Civ. App. 615, 103 S. W. 656; Railway Co. v. Hamm, 47 Tex. Civ. App. 196, 103 S. W. 1126; San Antonio v. Ashton, 135 S. W. 758; Griffith v. Reagan, 114 S. W. 1167.

But we have concluded that it is properly classified as a pleading in the case in the nature of a confession of judgment (article 2007, Vernon's Sayles' Statutes of Texas), and that in such case we are only authorized

---

⬥⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to inquire as to the jurisdiction of the trial court, and, having done so and resolved the question in the affirmative, the cause must be affirmed; and it is so ordered.