## CHANDLER et al. v. STEWART et al.
### . No. 4815.

Court of Civil Appeals of Texas. Texarkana.. Dec. 26, 1935.

Rehearing Denied Jan. 9, 1936.

Bramlette & Levy and Edwin Lacy, all of Longview, and Palmer Bradley and W. G. Banks, both of Houston, for plaintiffs in error.

Houtchens & Houtchens, of Fort Worth, Wynne & Wynne and H. M. Harrington, all of Longview, J. Harold Craik and J. Elwood Winters, both of Fort Worth, and Lewis M. Dickson, Jr., of Houston, for defendants in error.

HALL, Justice.

A. F. Stewart filed two suits in the district court of Gregg county, Tex., one against Josh Clayborn and others, and one against John Curnegan and others, which were consolidated in the district court; John Curnegan and A. F. Stewart becoming joint plaintiffs in this suit. In the consolidated action defendants in error Curnegan and Stewart sought the removal of cloud from the title to 20 acres of land, a part of the I. Baity survey, located in Gregg county. They specifically pleaded their title as arising out of the deed from Josh Clayborn to Curnegan, which deed, they alleged, had been lost without have been recorded, but that plaintiffs in error had notice, both actual and constructive, of the existence thereof. De-fendants in error also pleaded the five and ten years' statutes of limitation (Vernon's Ann.Civ.St. arts. 5509, 5510). They alleged, further that they were each owner of a one-half undivided interest in the land in controversy, and prayed for partition of same.

Plaintiffs in error answered by general demurrer, general denial and plea of not guilty. They also specially pleaded that they were innocent purchasers for value from Josh Clayborn and his children without any notice of the claim of defendants in error.

It appears from the record herein that John Curnegan and A. F. Stewart claimed title to this land both by deed and by virtue of the five and ten years' statutes of limitation. They claimed that Curnegan purchased the land from Josh Clayborn on or about December 5, 1916, that same was cut out of a 100-acre tract owned by Josh Clayborn by a surveyor, and that he (John Curnegan) went into immediate possession thereof. Curnegan and Stewart contended on the trial of this case that Curnegan remained in possession of said 20 acres of land either in person or by tenants from 1916, the date of his alleged purchase from Clayborn, until 1931. It appears from the record that during the year 1919, Curnegan conveyed the land in controversy to Stinchcomb and Martin, who, during the same year, conveyed it to Smith. In October of 1919, Smith conveyed the land back to Curnegan. Defendant in error Stewart is claiming under Curnegan, and the plaintiffs in error claim under mineral conveyances from Josh Clayborn and his children. It was agreed that Josh Clayborn's wife, the mother of his children, died before December 5, 1916, the date of the alleged deed from Josh Clayborn to Curnegan. It also appears from the record that the leasehold rights of the parties were settled by agreement before the trial and only the royalty interests were involved in this suit. The record discloses, further, that John Seip and R. M. Nichols intervened in this suit, claiming an interest in the land in controversy through Curnegan.

A trial was had to a jury on special issues which were answered in favor of defendants in error, and upon these answers the court rendered judgment for defendant in error Stewart and against all defendants below and interveners for title

to the land, from which plaintiffs in error prosecute their appeal to this court.

■ At the outset we are met with the motion of defendants in error to strike "appearance and brief" of Seip and Nichols, because: (1) They are not named either as plaintiffs or defendants in the petition for writ of error filed herein, nor do they appear either as obligors or obligees in the writ of error bond; and (2) Seip and Nichols having asserted an interest in the oil rights involved in this suit adversely to all the parties thereto, their action in failing to appeal or become a party to the writ of error proceedings was an acquiescence amounting to a voluntary severance. It will be noted that Stewart and Curnegan were claiming title to the entire mineral estate in the tract of land; also Josh Clayborn and those holding under him were asserting a claim to the entire leasehold estate. This was the setup in the lower court when Seip and Nichols intervened, and a judgment for either of the original parties to the suit would defeat their cause of action. Therefore it seems to us perfectly apparent that the claim of Seip and Nichols was adverse to both the original contending parties to this suit. An examination of the record reveals that Seip and Nichols filed no motion for new trial, gave no notice of appeal, filed no appeal bond, writ of error, or writ of error bond. The first time they appear is on October 18, 1935, by filing a document denominated "appearance for all purposes and brief of John M. Seip and R. M. Nichols, intervenors in the trial court, who make themselves defendants in error herein."

There are well-recognized rules of law governing appeals by parties to a suit whose interests are severable. None of these have been complied with by these interveners. The appeal by plaintiffs in error ignores them entirely, and they attempt to make their appearance in this court at this time without bond, notice of appeal, or petition for writ of error, nearly two years after the rendition of the judgment against them. In the case of Lauchheimer & Sons v. Coop, 99 Tex. 386, 89 S.W. 1061, 1063, 90 S.W. 1098, Judge Brown, quoting from the case of Bradford v. Taylor, 64 Tex. 169, 171, says: " 'It has been steadily held in this state that the reversal of a judgment against two or more defendants on the appeal of one defend-

ant only will operate as a reversal as to all, if the judgment be entire, operating to the prejudice of all the defendants, and not upon distinct and independent matters in which the several defendants are shown to be separately interested.' The converse of that proposition is true, that the reversal of a judgment against two or more defendants upon the appeal of one of them will not operate as a reversal as to all, if the judgments be upon causes of action separate and distinct, in which the parties are severally interested."

To the same effect are Colorado & Southern R. Co. v. Hamm, 47 Tex.Civ. App. 196, 103 S.W. 1125; Payton v. Loustalott (Tex.Com.App.) 53 S.W.(2d) 1012; Employers' Liability Assurance Corporation, Ltd., v. Eckert et al. (Tex.Civ.App.) 46 S.W.(2d) 464. We are of the opinion, therefore, that the motion of defendants in error to strike the "brief and appearance" of interveners Seip and Nichols should be granted, and that the judgment of the trial court in so far as the same affects them should be left undisturbed.

■■ Plaintiffs in error make the contention that the judgment of the trial court rendered in this case is not responsive to the pleadings and is therefore void. They assert that the suit was by Curnegan and Stewart each claiming an undivided one-half interest in the mineral estate in the land in controversy against the defendants, whereas the judgment awards to defendant in error Stewart alone the title to the entire estate in the whole tract of land. That part of the judgment to which the complaint is made is:

"And it further appearing to the court that plaintiff, John Curnegan, did by warranty deed, bearing date of the 27th day of February, and recorded on the 4th day of March, 1931, convey to S. F. Houtchens, the fee simple title to the lands hereinafter described and referred to, who in turn conveyed the fee simple title to said lands to A. F. Stewart, by warranty deed, bearing date of March 3rd, filed of record April 8th, 1931, and that the said A. F. Stewart, is the sole owner of all the rights, title and interest formerly and originally vested in said John Curnegan, and succeeded to his rights in this litigation. * * *

"The plaintiff A. F. Stewart should have and recover the title and possession of the following described tract and parcel of land.

"It is therefore ordered, adjudged and decreed by this court that any and all rights, title, interest and estate claimed or held by the defendants herein and each of them and by the intervenors herein and each of them, either jointly or severally, be and the same is hereby divested out of the defendants herein and each of them and the intervenors herein and each of them and vested in plaintiff A. F. Stewart."

The prayer of defendants in error, in part, in their amended petition, is for partition of the mineral estate in the land in equal parts to Stewart and Curnegan, plus the sum of $500 in favor of Stewart against Curnegan with a lien fixed against Curnegan's one-half to secure the payment of the $500. As said before, the suit was for the entire mineral estate in the land, and the trial court upon the findings of the jury by its judgment divested all title out of plaintiffs in error to this land, but, instead of vesting in each of the defendants, Curnegan and Stewart, a one-half interest therein in accordance with their prayer, Stewart alone was given the title to the entire tract. In our opinion, this judgment is not void, but, at most, is irregular, and as to Stewart is excessive. As regards the plaintiffs in error, we can see no reason for their complaint in this regard. The judgment effectively divested out of them the title to the whole of this tract of land, and it does not concern them which of the defendants in error gets the title, whether Stewart alone or Stewart and Curnegan in equal parts. In the case of Texas & N. O. Ry. Co. v. Stevens (Tex. Com.App.) 24 S.W.(2d) 9, 10, it is said: "The record before us shows that, after the remittitur suggested by the Court of Civil Appeals [15 S.W.(2d) 200] has been entered, the Court of Civil Appeals reapportioned the judgment among the three parties interested in practically, if not the same proportion that it was originally awarded. The railway company contends by appropriate assignment that the Court of Civil Appeals erred in affirming the judgment for $37,500, after having found the verdict excessive by $10,000, for the reason that there were three parties plaintiff interested in such judgment, and there is no provision in the law for an apportionment of an award among the several plaintiffs, other than by the jury. In our opinion, this assignment is untenable. In the first place, the railway company is not interested in the matter of apportionment at all, and, even if the case ought to be sent back to have a jury apportion the judgment as finally affirmed by the Court of Civil Appeals, the only parties that could be concerned therein would be the three plaintiffs. Furthermore, the right and power conferred and imposed on the Court of Civil Appeals to define the excess and require a remittitur as a condition of affirmance by necessary implication implies the power to apportion the judgment as affirmed."

Plaintiffs in error contend, further, that the judgment of the trial court awards to defendants in error the whole estate in said land, both mineral and leasehold. An examination of this judgment in its entirety reveals several references to a prior settlement among the parties to this suit on the leasehold interest in the land, and the record discloses a stipulation agreement filed August 4, 1932, several months before the trial of this case, completely disposing of the leasehold interest in said land. There is no dispute between any of the parties to this suit as to the proper disposition of the leasehold interest in said land; therefore, under the plain provisions of the statute, it becomes our duty to enter the judgment here under the findings of the jury and the undisputed facts which should have been entered by the court below. Article 1856, R.S.1925; Way v. Guest (Tex. Civ.App.) 272 S.W. 217; Hollingsworth v. Hollingsworth (Tex.Civ.App.) 29 S.W. (2d) 816, 817. In passing, we will state that in the motion for new trial filed by plaintiffs in error they failed to call the lower court's attention to any of the irregularities in the judgment, and, as said by the late Chief Justice Willson of this court in the case of Hollingsworth v. Hollingsworth, supra: "The doubt, if there is any, as to the legal effect of the judgment does not appear to have been called to the attention of the court below in a motion for a new trial or otherwise. If it had been, doubtless the judgment would have been properly corrected."

Plaintiffs in error make the contention that, no special issue having been submitted to the jury and none requested by defendants in error relative to the execution and delivery of the deed to the land in controversy by Josh Clayborn to John Curnegan, this ground of recovery was waived, and no recovery could be had by defendants in error. Had the defendants in error relied solely on their allega-

tion of the purchase of this property from Josh Clayborn by Curnegan, this proposition might be tenable, but such is not the case. The defendants in error also claimed under the five and ten years' statutes of limitation and tried their case on that theory, as shown by the entire record in this case. Suppose the court had submitted to the jury the question relative to the sale of the land by Clayborn to Curnegan and the jury had answered that Clayborn had not sold the land on December 5, 1916, to Curnegan, but had found, as they did, in favor of defendants in error on the question of limitation, then the defendants in error would still be entitled to recover the title to the land; in other words, the jury might disbelieve defendants in error and their witnesses relative to the purchase of this land from Josh Clayborn, but find that he had adversely occupied the same in person or by tenants for the required time to perfect his title thereto by limitation. Therefore this contention of plaintiff in error is respectfully overruled.

■ Plaintiffs in error contend that the testimony offered by defendants in error is insufficient to establish their title to this land by limitation. We will not add to the length of this opinion by including the testimony offered by defendants in error in respect to this phase of the case, but will state that we have carefully read all the testimony offered by both plaintiffs and defendants in error on the question of limitation. We find that this issue was sharply contested, which, in our judgment, makes it essentially a question for the jury to determine. The testimony of defendants in error was to the effect that John Curnegan either in person or by tenants had been in possession of the land in controversy, using, cultivating, and enjoying the same from 1916 until and including 1930. The testimony offered by plaintiffs in error was to the effect that for certain years during this period the land lay idle and that no crops of any kind were grown thereon. While the evidence could have been stronger and more convincing, we do not feel we would be justified in holding, as a matter of law, the testimony on this phase of the case insufficient.

■ Complaint is also made of the action of the trial court in admitting in evidence the deed from John Curnegan to Stinchcomb and Martin of January, 1919, the deed from Stinchcomb and Martin to Leon Smith of May, 1919, and deed from Leon Smith to John Curnegan of October, 1919. The contention is that these deeds are not in the chain of title of plaintiffs in error and therefore would not be constructive notice to them of any claims of defendants in error. Another contention of plaintiffs in error closely akin to the one next above is that the jury was unwarranted, under the evidence, in finding against them on the question of innocent purchasers. These propositions will be discussed together. In our opinion, if error was committed in these respects, it was rendered harmless by the jury's finding in favor of defendants in error on the issue of limitation. It has been repeatedly held in this state, and it seems now to be the settled law, that the doctrine of innocent purchaser will not prevail against a title acquired by limitation. MacGregor v. Thompson, 7 Tex.Civ.App. 32, 26 S.W. 649; Marshburn v. Stewart (Tex.Civ.App.) 295 S.W. 679; Bowles et al. v. Bryan et al. (Tex.Civ.App.) 277 S.W. 760, and cases there cited. Therefore, if error were committed by the trial court in admitting the three deeds in evidence, we think same was rendered harmless by the findings of the jury in favor of defendants in error on the issue of limitation. And for the same reason the alleged unwarranted answers of the jury to the issues relating to the defense of innocent purchaser would be harmless.

We think the conclusions reached in our discussion of the assignments of error listed in this opinion disposes of the remaining assignments brought forward by plaintiffs in error, and they are respectfully overruled.

Therefore the judgment of the trial court is undisturbed as to interveners Seip and Nichols, and is modified so as to allow a recovery to Stewart and Curnegan each of a one-half interest in the mineral estate of the land in controversy, and, as so modified, the judgment will be affirmed.