**Homer G. MAXEY et al., Appellants,**

v.

**E. G. RODMAN et al., Appellees.**

**No. 6045.**

Court of Civil Appeals of Texas.

July 9, 1969.

Rehearing Denied Sept. 10, 1969.

James O. Cade, Cade, Bowlin & Griffin, Brownwood, for appellants.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, W. O. Shafer, James M. O'Leary, Odessa, for appellees.

## OPINION

WARD, Justice.

This is an appeal in a summary judgment proceeding. Suit was originally filed in the District Court of Lubbock County on conspiracy and fraud, against the Citizens National Bank of Lubbock and thirty-three other defendants who are all alleged to be either directors of the bank, its officers, or its attorneys. Pleas of privilege were filed by E. G. Rodman, Earl G. Rodman, Jr., and W. D. Noel, and the case, as to these three defendants and directors, was removed to Ector County. These three defendants then filed their motion for summary judgment in Ector County, which was granted by the trial court. We affirm the judgment. We will refer to the parties as they appeared in the trial court.

The petition, at great length, describes how the plaintiffs were defrauded of several million dollars worth of cash and properties. That at the instigation of the defendants acting as conspirators, the plaintiffs were induced to bring their business to the Citizens National Bank and gave the plaintiff, Mr. Homer G. Maxey, among other things, an open line of credit up to $1,000,000.00 which was, in the words of the plaintiffs, an invitation to the disaster to Mr. Maxey as contemplated by the conspirators. That thereafter, Mr. Maxey was persuaded to give the Bank mortgages on all of his extensive properties and thereafter was told to pay off all his obligations to the bank by a certain date, or his entire properties would be foreclosed, this being a portion of the general plan of the conspirators. That Mr. Maxey did then make a deal to sell some of his properties for

$4,500,000.00 and in that connection he secured an interim loan commitment sufficient to pay off all he owed to the Citizens National Bank. That this deal was killed by the defendants as part of their general plan, by having the bank's attorney falsely tell the intended lender that the deal was off, as the bank would take care of the temporary loan. That the attorney in the transaction was representing the bank and was a director of the bank and purported to represent Mr. Maxey in the transaction, although, in fact, he did not. That Mr. Maxey did not discover this duplicity, conspiracy and fraud until after all of his properties had been foreclosed, which action had been taken by the bank and the conspirators immediately after the temporary financing had been effectively killed by the action of the bank's attorney. The plaintiffs prayed judgment for an accounting, damages for conversion of their physical properties, damages to credit and business goodwill and reputation, and exemplary damages, all in the sum of some twenty millions of dollars.

The three defendants in this suit filed their joint motion for summary judgment and attached thereto an affidavit from each defendant urging that there is no evidence of any probative force on file in the case suggesting or indicating personal liability on the part of these individual defendants. Each defendant admits he is a director in the bank in question. Portions of the affidavits filed by the defendants contain conclusions to the effect that they never entered into a conspiracy with anyone to defraud Mr. Maxey and the other plaintiffs of their properties; that there was no conspiracy or secret concert between the individual defendant and any other defendant at the time of the foreclosure of the liens upon the properties of the plaintiffs; that such foreclosures were made in accordance with law and the terms of the security instruments involved; that each individual had done nothing which was malicious, oppressive or grossly negligent toward any of the plaintiffs, nor had ever acted in reckless or wanton disregard of the plaintiffs' rights. While these affidavits do contain conclusions, they do set forth certain material facts that go to the heart of the controversy and are within the requirements of Rule 166–A. Among such vital facts as would be admissible in evidence and upon which the individual affiant is affirmatively shown to be competent to testify are the following:

1. Each individual defendant never promised Homer G. Maxey an open line of credit to get him to move his business to Citizens National Bank of Lubbock, Texas;

2. That they never advised Homer G. Maxey that he or the other plaintiffs had to sign any instruments;

3. That they have never made any statement of any kind to any loan or purchasing agency contemplating a temporary loan to the plaintiffs or any of them;

4. That they did not know and never knew that Homer G. Maxey had secured a loan commitment sufficient to pay his debts;

5. That they did not personally participate in any foreclosure nor did they personally participate in the purchase or sale of any of the assets of the plaintiffs;

6. That they did not make a personal profit on the purchase or sale of any of the appellants' assets and know of their personal knowledge that the bank sustained a substantial loss as a result of the foreclosure and subsequent sales;

7. That they have never given any publicity to the foreclosure of the plaintiffs' properties nor have they personally sold or purchased, or ordered sold or purchased, any cattle or other personal property of the plaintiffs;

8. That they have not personally made or ordered any sale or purchase of the appellants' properties and have never had

any funds or properties of the appellants in their personal possession;

9. That they had no knowledge of any conspiracy and never heard of such a thing with any person.

By way of reply to the motion for summary judgment, the defendants adopted their pleadings on file and swore that each fact contained therein was true and correct, and they attach true copies of four depositions on file in the Lubbock County case. These depositions refer to no action of the three appellees in the present case, nor are there any references made therein to any of these defendants. The depositions do, however, establish the facts that for the purpose of this hearing, Mr. Maxey, prior to the foreclosure of his properties by the bank, had secured from various financial consultants and mortgage brokers a commitment for a temporary loan of $1,300,000 which would have been sufficient to pay off the bank, and that the loan commitments, made at different times, were each effectively terminated through telephone calls made by the bank's attorney-director, who purported to act for Mr. Maxey and for the bank in the transaction. While not involved here, we assume that such depositions would be material to any summary judgment proceedings involving the bank or the attorney-director who participated in such conduct.

But now as to the three defendants involved in the present case, we have an entirely different fact situation involved. The principles applicable to summary judgment proceedings are not in dispute, but their application to the facts of the present case are. Of course Great American Reserve Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41 (Tex.1965) supplies our basic law in this case. "Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. * * * In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. * * * If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. * * * Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. * * * This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. * * * After all the evidence has been sifted in this manner, the Court must determine whether the movant is entitled to a judgment as a matter of law."

We are dealing here with the exception where the interested defendants filed their own affidavits. The exception has been well stated in Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Civ.App.1963, n. r. e.). "Furthermore, we think it can now properly be said to be the law in Texas that the uncorroborated affidavit or deposition of an interested party or witness will support a summary judgment in the absence of a controverting affidavit or of an attempt by the party against whom the motion is urged to avail himself of the right under subdivision (f) of Rule 166–A, Vernon's Texas R.C.P., and seek such delay as may be necessary to secure affidavits or take depositions to controvert the facts stated by the interested party or witness

in his affidavit. \* \* \* 'It is the law that where a plaintiff, at a hearing on defendant's motion for summary judgment under Rule 166–A, filed no counter affidavits, and makes no showing other than as stated in their pleadings, and makes no showing that affidavits are unavailable, he in effect admits the facts alleged in defendant's sworn affidavits supporting the motion, and for which reason cannot complain of the court's granting the motion for summary judgment.' "

■ Admittedly, it is difficult to prove a conspiracy or a fraud under these facts. But allegations of fraud or conspiracy do not, in and of themselves, raise fact issues prohibiting the granting of a summary judgment. Martin v. Coastal States Gas Producing Company, 417 S.W.2d 91 (Civ.App. 1967, n. w. h.); Midwestern Development Co. v. Dunlap, 389 S.W.2d 112 (Civ.App. 1965, n. r. e.). In order that there be a conspiracy, it can generally be said that the evidence must establish (1) there is a combination of two or more persons, (2) there is an agreement or meeting of the minds among these persons, (3) on a common object, purpose or course of action, (4) knowledge of the object and purpose, (5) one or more overt acts, and (6) intent to participate therein. Schlumberger Well Sur. Corp. v. Nortex Oil & G. Corp., 435 S.W.2d 854 (Tex.Sup.1969). For the purpose of this summary judgment hearing, we assume that the testimony contained in the depositions filed herein is admissible against the defendants to the effect that the attorney representing the bank killed the committed loans to the plaintiffs, the same being the facts and declarations of an alleged co-conspirator, even though there is no proof of a conspiracy and there is nothing to connect the defendants with that transaction or to show their participation therein except that they were directors of the defendant bank. There is no evidence controverting or impeaching the defendants' testimony that they had no knowledge of any conspiracy or scheme; that there

was no agreement or meeting of the minds; that there was no intention to participate in any scheme to harm the plaintiffs; and particularly these defendants never knew that Homer G. Maxey had even secured a loan commitment sufficient to pay his debts, nor had they ever made any statement whatsoever to any loan or purchasing agency contemplating a loan to the plaintiffs or any of them. We have merely the affidavit of Mr. Maxey adopting the "facts contained in his pleadings". The pleadings, without repeating them, do not contain such facts as would be admissible in evidence. Melody v. Texas Society of Professional Engineers, 421 S.W.2d 693 (Civ.App., 1967, n. w. h.). The appellants did not take depositions of any of the 38 parties involved in this lawsuit; no minutes of the meetings of the board of directors of the bank were introduced; no affidavit of any plaintiff was offered. The record is bare of any evidence to connect any one of these defendants to anything about which the plaintiffs complain. They are only directors of the bank. No reasons were offered to the trial court for the failure to produce any connecting fact or the failure to obtain any other relief from the discovery procedures available to the plaintiffs, or avail themselves of any relief under Rule 166–A(f). Therefore, we feel that the trial court was amply justified in that portion of the suit relating to conspiracy and fraud in granting its summary judgment here. As stated by the Supreme Court of Texas in Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948: "When facts entitling the moving party to prevail have been established by affidavits, deposition, testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered. \* \* \* If the defendants expected to defeat the motion for summary judgment \* \* \* it was incumbent upon them to come forward with 'evidence' sufficient to raise that question." As we view the sworn petition, it

still is no more than sworn allegations and conclusions of a conspiracy.

 We next turn to the proposition urged by the appellants that as a matter of law, all of the directors of the bank are liable for damages to Mr. Maxey and the other appellants, resulting from a conspiracy or other tort committed by some of the officers and directors, whether each individual director actually knew about it or not. The appellants rely primarily on Section 93, Title 12, United States Code (The National Bank Act). Our examination of the Act shows that Section 93 is operative only in connection with a violation of some other provision of the Act, and it imposes liability on a director who knowingly violates or knowingly permits such violation of the other provisions of the Act. We have been referred to no provision of the Act which the directors have violated, and we can find none under the pleadings in this case. The cases cited by the appellants are not in point. We are aware that a director may have a common law duty as distinguished from any duty imposed by statute; but, in so far as parties in the position of these defendants are concerned, the liability of a director does not grow out of the fact that he occupies such position or because of his official character. His liability could come only from his actual participation in any wrong, such as fraud or conversion or negligence. He is not liable for the acts, torts, fraud or false representations of other directors, officers or agents of the corporation if he is not personally connected with the wrong and does not participate in it. K. & G. Oil Tool & Service Co. v. G & G Fishing Tool Service, 158 Tex. 594, 314 S.W.2d 782, 793 (1958, cert. den. 358 U.S. 898, 79 S.Ct. 223, 3 L.Ed.2d 149); Sutton v. Reagan & Gee, 405 S.W.2d 828 (Civ.App.1966, n. r. e.), The points relating to this matter are overruled.

All assignments of error having been considered and discussed, the judgment of the trial court is affirmed.