Homer G. MAXEY et al., Appellants,

v.

T. J. GOAD, Appellee.

No. 14805.

Court of Civil Appeals of Texas,
San Antonio..

March 4, 1970.

Rehearing Denied March 25, 1970.

Cade, Bowlin & Griffin, Lubbock, for appellants.

Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, for appellee.

CADENA, Justice.

Appellants, plaintiffs below, appeal from a summary judgment that they take nothing as against defendant in a suit sounding in conspiracy and fraud.

Plaintiffs originally filed this suit in Lubbock County against The Citizens National Bank of Lubbock, its officers, directors and attorneys, and other individuals, alleging that defendants defrauded, and conspired to defraud, plaintiffs of property having a value of several million dollars. Defendant, T. J. Goad, a director of the bank, filed his plea of privilege to be sued in Bexar County, the county of his residence. The district court of Lubbock County sustained the plea of privilege and that portion of the case involving defendant Goad was transferred to Bexar County, where the summary judgment complained of was rendered by the 166th Judicial District Court.

Plaintiffs' allegations may be summarized as follows:

1. Plaintiff Homer G. Maxey had been doing business with the First National Bank of Lubbock until E. W. Williams, one of the defendants, discontinued his association with First National and became president of defendant, Citizens National

**764**

Bank. Williams, in collusion with the attorneys of Citizens National Bank, persuaded Maxey to bring his business to Citizens National Bank and gave Maxey an open line of credit not to exceed one million dollars.

2. Maxey borrowed one million dollars from Citizens National Bank and was persuaded to give the bank a mortgage on all of his property. Thereafter, the bank threatened to foreclose the mortgage unless Maxey paid his debt to the bank.

3. Maxey arranged to sell his property for $4,500,000.00 and secured an interim loan commitment sufficient to discharge his debt to the bank. Mr. Charles B. Jones, one of the bank's attorneys, who purported to represent Maxey also, informed the prospective lender that there was no need for the interim loan and that the bank would make the necessary loan to Maxey.

4. After the temporary financing had been "effectively killed" by the action of the bank's attorney, the bank foreclosed its mortgage and all of Maxey's property was sold to satisfy his debt to the bank.

5. The entire scheme was undertaken for the purpose of defrauding Maxey, and all of the defendants participated therein in furtherance of a conspiracy to bring financial ruin to Maxey.

A careful review of the summary judgment record in this case reveals no material difference between the affidavits, depositions and pleadings in this case and those considered by the El Paso Court of Civil Appeals in Maxey v. Rodman, 444 S.W.2d 353 (1969, writ ref'd n. r. e.). The questions raised by plaintiffs here are the same as those considered and overruled in Rodman. A repetition of the points urged by plaintiffs and of the reasons given in Rodman for rejecting plaintiffs' contentions would serve no useful purpose. We agree with and follow the decision of the El Paso Court in Rodman.

The judgment of the trial court is affirmed.