**Homer G. MAXEY et al., Appellants,**

v.

**CITIZENS NATIONAL BANK OF LUBBOCK, Texas, Appellee.**

**No. 8324.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 27, 1972.

Rehearing Denied Jan. 22, 1973.

Simon & Simon, Harold D. Hammett, Henry W. Simon, Jr., Fort Worth, for appellants.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, W. O. Shafer, Odessa, Evans, Pharr, Trout & Jones, Charles B. Jones,

Key, Carr, Evans & Fouts, Lubbock, James M. O'Leary, Odessa, for appellee.

REYNOLDS, Justice.

Summary judgment was rendered in favor of a bank, sued for fraudulent and conspiratorial conversion of property, upon a summary judgment motion theory of res judicata and estoppel by avouched final judgments of absolution of the bank's representatives for the acts asserted against the bank. Affirmed.

A statement of the litigation is required for a proper perspective. Plaintiffs are Homer G. Maxey, William Goodacre and wife, and Tommy Elliott and wife. Their original suit sought some twenty million dollars actual and exemplary damages from Citizens National Bank of Lubbock, Texas, two of its related corporations, some of the executive officers and all of the directors of the bank, four bank attorneys and two bank customers, for conversion, by fraud and conspiracy in bank transactions, of plaintiffs' extensive properties. Prior to a jury trial, the pleas of privilege of nine non-resident defendant directors were sustained; subsequently, all of these defendants were granted summary judgments, and the only three of which that were appealed were affirmed.[1] One defendant director was summarily exonerated by a July 12, 1968 judgment, to which no exception was taken or notice of appeal given. The trial court granted the motions of, and rendered summary judgments for, fifteen resident defendant directors on September 11, 1969, and plaintiffs gave notice of appeal therefrom. Thereafter, plaintiffs filed their third amended original petition naming as defendants the bank, two bank corporations, five executive officers, three of whom were directors, three bank attorneys, one of whom was a director, and two customers of the bank, all of whom were the original defendants re-

maining after entry of the judgments above mentioned. One defendant bank customer was dismissed from the lawsuit for want of jurisdiction, and no exception was taken, or notice of appeal given, to this judgment dated October 9, 1969.

Trial began before a jury. When plaintiffs closed their evidence, the remaining defendants moved for an instructed verdict. All motions, except the bank's, were granted and a judgment was entered to that effect on January 5, 1970. Plaintiffs excepted and gave notice of appeal. No order of severance was entered with respect to any of the aforementioned judgments.

Based on the jury's findings to issues submitted as to the bank, judgment was entered on March 3, 1970, decreeing that plaintiffs recover of and from the bank $913,378.53 actual damages and $1,500,000.-00 exemplary damages. The judgment last entered neither incorporated nor made reference to the prior judgments entered in the cause, and no order of severance was entered. Plaintiffs gave no further notice of appeal, did not file an appeal bond with respect to any of the judgments, or a part thereof, and filed no appellate record in the appellate court. The bank, following the overruling of its motion for new trial, gave notice of appeal from the March 3, 1970 judgment, perfected its appeal and filed the appellate record. On appeal, the judgment rendered against the bank was reversed because of the insufficiency of the evidence to support the jury's material findings, and the cause was remanded to the trial court. Citizens National Bank of Lubbock v. Maxey, 461 S.W.2d 138 (Tex. Civ.App.—Amarillo 1970, writ ref'd n.r.e.).

On remand, the bank filed a motion for summary judgment. The two grounds stated in the motion were that, since any liability of the bank is derivative from the conduct of the other original defendants

1. See Maxey v. Rodman, 444 S.W.2d 353 (Tex.Civ.App.—El Paso 1969, writ ref'd n. r. e.) ; Maxey v. Goad, 451 S.W.2d 763 (Tex.Civ.App.—San Antonio 1970, writ ref'd n. r. e.) ; and Maxey v. Irish, 457 S.W.2d 87 (Tex.Civ.App.—Eastland 1970, no writ).

who previously have been personally exonerated, plaintiffs' alleged cause of action is barred by the doctrines of res judicata and estoppel by judgment. Plaintiffs controverted the motion and thereafter filed their fourth amended original petition in which only the Citizens National Bank of Lubbock, Texas, was named as a defendant. Following a hearing, the trial court granted the bank's motion for summary judgment, reciting in the judgment entered as the reason that the bank is entitled to such judgment as a matter of law.

Plaintiffs filed a motion for new trial on the basis that the summary judgment was entered under an erroneous concept of corporate liability. The new trial motion was amended to include the contention that the trial judge was disqualified from presiding over the summary judgment proceedings. Plaintiffs requested a hearing on their amended motion for new trial, particularly with respect to the disqualification allegations, but the trial judge denied the hearing and overruled the amended motion for new trial.

Plaintiffs present three points of error for consideration. The first point is that the trial court erred in granting the motion and entering summary judgment in favor of the bank. The second and third points are that the trial judge was disqualified from participating in the determination of the motion for summary judgment, and erred in refusing a hearing on the motion suggesting disqualification. The last two points will be considered first.

Judge Pat S. Moore, presiding judge of the 72nd Judicial District Court, who conducted the original jury trial, presided over these summary judgments proceedings. Disqualification of Judge Moore was asserted under the Constitution of the State of Texas, art. 5, § 11, Vernon's Ann.St., because of Judge Moore's alleged interest in the case stemming from two circumstances alleged to have become known to plaintiffs subsequent to the entry of the summary judgment. These circumstances

are (1) the ownership of a $24,000.00 principal promissory note given in payment of 37.5% interest in real property conveyed by Judge Moore to Bill Smith Gin, Inc., which, two years later, conveyed a 67.5% interest in the same property in trust to secure the payment, in five annual installments, of its $116,750.39 principal promissory note owned by Citizens National Bank; and (2) the bank's holding of a delinquent note or chose in action obligation of Jean David Smith, Judge Moore's only brother, in an amount greater than all of his assets. The interest of Judge Moore in these transactions was alleged to be such as to create prejudice and bias on the part of Judge Moore against plaintiffs so as to constitute deprivation of plaintiffs' rights of equal protection of the laws, due process of law, and the privileges and immunities of citizenship pursuant to the Fourteenth Amendment to the Constitution of the United States. Attached to the amended motion was an affidavit executed by plaintiff Homer G. Maxey in which he states, on information and belief, that Judge Moore "acquired 37.5%, approximately, of the capital common stock of Bill Smith Gin, Inc." and "(a)s of April 24, 1972, such promissory note owed by Bill Smith Gin, Inc., to Citizens National Bank of Lubbock, Texas, was in default. If Citizens National Bank forecloses upon the property securing such note, Judge Pat S. Moore in all probability will lose the value of her investment in that corporation, or she will become a co-owner or joint venturer in the operation of such property with Citizens National Bank of Lubbock."

The disqualification motion *sub judice* was premised upon the judge's financial involvement with Bill Smith Gin, Inc., an alleged default debtor of the defendant bank, and her brother's indebtedness to the defendant bank, as giving her a disqualifying interest in the case. Further, by virtue of such interest in the case, it was submitted that Judge Moore held prejudice and bias against plaintiffs in that she would not want to offend the bank, causing it to cease its forebearance and foreclose upon

the obligation it held. The financial transactions set forth in the motion were unchallenged; it was, and is, the bank's position that the motion's allegations, taken as true, do not establish a disqualifying interest. Obviously, Judge Moore, in refusing a hearing on and overruling the motion, found the motion to present no legal grounds for, or to raise any fact issue with respect to, her disqualification, and determined that she was not disqualified. We hold her action to be correct.

■ While delicate discretion might indicate a judge's withdrawal from a case in a contentious situation, there is no compulsion to step aside when the judge is not legally disqualified; indeed, unless legally disqualified, it is the duty of the judge to preside. Grounds of disqualification in civil matters are dictated by Vernon's Ann.Tex.Const. art. 5, § 11,[2] and by Vernon's Ann.Civ.St. art. 15,[3] and the grounds there enumerated are inclusive and exclusive. Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515 (1930). The particular ground relied on by plaintiffs is that no judge "shall sit in any case wherein he may be interested."

It long has been established that the interest—other than the personal interest resulting from the prohibited relationship and status as counsel—required for disqualification by the constitution and statute is one of a pecuniary nature, capable of an estimated value, that the judge may gain or lose by the judgment rendered in the case. King & Davidson v. Sapp, 66 Tex. 519, 2 S.W. 573 (1886); Taylor v. Williams, 26 Tex. 583 (1863). Such interest must be a direct, real and certain interest in the subject matter and result of the instant litigation, not merely indirect, incidental, remote, possible or speculative.

Sun Oil Company v. Whitaker, 483 S.W.2d 808 (Tex.Sup.1972); Elliott v. Scott, 119 Tex. 94, 25 S.W.2d 150 (1930).

This instant suit does not involve the validity of any of the financial transactions, the attendant obligations pertaining thereto, the securing liens on the property pledged to insure performance, or the adjudication of any right connected with these transactions, all of which are unrelated to the subject matter of the suit at bar. The legal rights of all parties connected with the financial transactions alien to this suit would not be affected directly and necessarily by the judgment rendered in the instant cause, and its result on the financial transactions, if any, at most would be only highly remote, conjectural and speculative. See Hidalgo County Water Improvement District No. 2 v. Blalock, 157 Tex. 206, 301 S.W.2d 593 (1957). Thus, the motion *per se* does not factually allege constitutional or statutory disqualification on the basis of interest.

Because the constitutional and statutory disqualifying grounds are inclusive and exclusive, mere prejudice and bias are excluded as a disabling factor. Taylor v. Williams, supra. Any error resulting from prejudice and bias alone would occur in the rulings made by the judge and not from presiding over the litigation, Quarles v. Smith, 379 S.W.2d 91 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.), and plaintiffs have no point of error assigning any erroneous ruling as a result of prejudice and bias. The prejudice and bias allegations in the motion are conclusory in nature rather than factual. The presumption of integrity accompanying an act performed by a judge under sanction of official oath cannot be overcome by inference, conjecture or speculation; the challenge of

---

2. "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, with such a degree as may be prescribed by law, or when he shall have been counsel in the case."

3. "No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case."

disqualification must be by allegations of facts of a positive and unequivocal character. See Clegg v. Temple Lumber Co., 195 S.W. 646 (Tex.Civ.App.—Beaumont 1917, aff'd 222 S.W. 971 [Tex.Comm'n App.1920, jdgmt approved]).

■ As the only support for the disqualification assertion apart from the constitutional provision, plaintiffs cite those portions of subsection 3 of canon 3 of the Code of Judicial Conduct adopted by the American Bar Association House of Delegates in August, 1972. In brief, those guidelines are that a judge should disqualify in a proceeding in which the judge's impartiality might reasonably be questioned, and where the judge, or a person within the third degree of relationship to the judge, has a financial interest that could be substantially affected by the outcome of the proceeding. We do not perceive that these provisions do violence to the legal principles followed in Texas; however, a discussion of conformity with Texas law is unnecessary since those canons of judicial ethics have not been adopted in Texas and do not have the status of law, particularly where they would contravene the clear concepts of the constitution.

■ Relying on Pinchback v. Pinchback, 341 S.W.2d 549 (Tex.Civ.App. —Fort Worth 1960, writ ref'd n. r. e.), plaintiffs submit that the trial judge erred reversibly in denying them a hearing on the disqualification motion, especially since "(a) full hearing might disclose other financial involvements between Judge Moore, her brother and the bank which would provide other indicia of her potential interest in a result favorable to the bank in this case." We do not agree. In *Pinchback*, there was a disputed fact issue, joined by the pleadings, as to whether the presiding trial judge previously had assumed the role of counsel in the adoption matter over which he later presided. The appellate court held, and rightly so we believe, that "when there is a dispute as to the facts, . . ." of the judge's disquali-

fication, the judge must hear evidence, and it is error to refuse a hearing even if the judge personally knows he is not disqualified. That is not the situation here. In the present case, the financial transactions upon which plaintiffs base their disqualification demand are unchallenged as assertions of fact. Where the facts alleged to disqualify a judge are unchallenged, or admitted as here, the judge does not err by failing to conduct a factual hearing, for then the question of disqualification is one of law. And we have held that the alleged facts, taken as true, did not disqualify Judge Moore from participating in the summary judgment proceedings. The situation does not change, and the disqualifying motion does not gain stature, by an assertion that a hearing might indicate an interest other than the one alleged by which the judge may be disqualified. The assertion is an apparition without form of legal substance and does not meet the requirement of a positive and unequivocal fact statement. Clegg v. Temple Lumber Co., supra. Plaintiffs' points of error two and three are overruled.

In entering summary judgment in the state of the record, the trial court necessarily found that the previously entered summary judgments and instructed verdict judgment in favor of the other defendants operated to bar or to estop plaintiffs from proceeding against the bank. To be effective, the bar would be under the doctrine of res judicata, and the estoppel would be by virtue of the doctrine of collateral estoppel by judgment. In either case, the prerequisite is a final judgment on the merits upon which the applicable doctrine is operative. Plaintiffs dispute the applicability of either doctrine. By their first point of error, plaintiffs submit that summary judgment was improper for three reasons. Those reasons are (1) that the judgments rendered in favor of all defendants except the bank did not have that finality that would bar or estop plaintiffs from proceeding against the bank; (2) but, even assuming the finality of the

judgments, there is a lack of the requisite elements constituting res judicata and estoppel; and (3) in any event, the liability asserted against the bank is primary rather than derivative from a respondeat superior relationship. Again, reference must be made to the prior proceedings.

The basic allegations contained in plaintiffs' third amended original petition, the trial petition, are concisely stated in the opinion recorded at 461 S.W.2d 138, and are not repeated here. Suffice it to state that the petition charged the bank and the other defendants—as officers, directors, employees, agents, servants and attorneys of the bank—to be joint tort feasors, with joint and several liability, in the fraudulent and conspiratorial conversion of plaintiffs' properties. In essence, the petition charged that the objectionable acts of the bank's representatives were the very acts of the bank itself. There was no allegation of bank liability for an act not charged against one or more of the other defendants, although plaintiffs were privileged, had they desired, to proceed against the bank only.

Of course, a banking corporation may be liable for conversion and its representatives who participated therein on behalf of the bank may be liable with the bank as joint tort feasors. Bower v. Yellow Cab Co., 13 S.W.2d 708 (Tex.Civ.App. —El Paso 1929, writ ref'd). If, in this instance, the bank is culpable, it is because, and only because, of the actions of its representatives, the only instrumentality through which the bank can act. Chronister Lumber Co. v. Williams, 116 Tex. 207, 288 S.W. 402 (1926). This is because of the rule of respondeat superior which, ap-pertaining here, simply means that when the bank acted through the agency of its representatives, the bank itself was acting so as to make it responsible for the actions taken. Conversely, if the various other defendants are not blameworthy for the actions taken on behalf of their principal, then the bank cannot be liable. Under these circumstances, any liability on the part of the bank is not primary, but is only derivative from the acts of its representatives.

Consequently, it becomes necessary to determine the status of the judgments entered favorable to the defendants other than the bank. The September 11, 1969 summary judgments in favor of fifteen defendants[4] and the January 5, 1970 instructed verdict judgment favorable to all remaining defendants except the bank, although plaintiffs excepted and gave notice of appeal, were not severed from the cause; therefore, these judgments were interlocutory and remained so until all parties and all issues were disposed of in the cause. The March 3, 1970 judgment disposed of all remaining parties and issues and, although it did not refer to nor incorporate the prior judgments, they became merged into the last judgment and constituted a final judgment in the case. Zachry Co. v. Thibodeaux, 364 S.W.2d 192 (Tex. Sup.1963). As the final judgment was cast, plaintiffs recovered against the bank, but were adjudged to take nothing by their cause of action asserted against all other defendants.

The bank, dissatisfied with the jury's verdict forming the portion of the judgment adverse to it, timely filed its motion for new trial; plaintiffs were not re-

4. These fifteen defendants were not mentioned by name in plaintiffs' third amended original petition filed after the summary judgments were entered. While the general rule is that an amended petition omitting the name of a previously cited defendant operates as a voluntary dismissal of that defendant, Ridley v. McCallum, 139 Tex. 540, 163 S.W.2d 833 (1942), the rule is not applicable here; for, irrespective of what effect an interlocutory judgment might have on the rule, an inquiry not necessary to pursue here, the third amended original petition declared that the failure to name defendants previously named was not intended as a waiver or dismissal of the pending cause of action asserted against them.

quired to file a motion for new trial because they made no complaint to the jury's verdict. By its motion for new trial, the bank postponed—from the date of the final judgment to the date of the order overruling its motion for new trial—the commencement of the definitive time within which to timely file its appeal bond and the appellate record. Rules 356 and 386, Texas Rules of Civil Procedure. However, this delay did not inure to the benefit of plaintiffs; if they wished to seek affirmative appellate relief from that part of the final judgment absolving all the other defendants, in the absence of their own motion for new trial, they were required to file their own appeal bond and appellate record within thirty days and sixty days, respectively, from the date of the March 3, 1970 judgment. Rules 356 and 386, T.R.C. P.; Angelina County v. McFarland, 374 S.W.2d 417 (Tex.Sup.1964). Plaintiffs filed neither one, and the portion of the judgment adverse to them became final in the trial court. Shell Petroleum Corp. v. Royal Petroleum Corp., 135 Tex. 12, 137 S.W.2d 753 (1940).

Plaintiffs argue that the bank did not limit the scope of its appeal by serving them with separate notice to that effect as dictated by Rule 353(c), T.R.C.P., and therefore, by authority of Webb v. Jorns, Tex., 488 S.W.2d 407 (1972), the entire case, which included the portion of the judgment adverse to them, was brought up on appeal. In that appeal, plaintiffs' cross point No. 8 urged error by the trial court in rendering the January 5, 1970 judgment. Although the cross point was not noticed on the former appeal, plaintiffs maintain that the general remand of the cause to the trial court necessarily pertained to the entire judgment.

■■■ We agree that under *Webb* the unlimited appeal by the bank brought the entire case to the appellate court, but that fact is not dispositive of the issue. Plaintiffs were appellees in that appeal and, not having perfected an appeal, were not cross-appellants to the other defendants exonerated in the trial court; the exonerated defendants did not appeal and were not made appellees with respect to the bank's appeal. Reaching the appellate court in the former appeal was a severable judgment; the portion complained of by the bank was not final, but the part adverse to plaintiffs was final. Therefore, the appellate court did not acquire jurisdiction of the final portion of the severable judgment, Angelina County v. McFarland, supra, and could not, and did not, grant plaintiffs any affirmative relief under its ineffective cross point No. 8. Although the appeal resulted in an order of general remand, the remand order was not effective to the severable portion of the judgment that became final in the trial court. M. H. Lauchheimer & Sons v. Coop, 99 Tex. 386, 89 S.W. 1061 (1905); Colorado & S. Ry. Co. v. Hamm, 47 Tex.Civ.App. 196, 103 S.W. 1125 (1907, no writ).

■■■ The judgment in favor of the bank's representatives being final as to plaintiffs, the query then turns to whether it possesses the requisite elements to bar or estop plaintiffs from proceeding against the bank. As plaintiffs' pleadings were drafted, the culpability of the bank, if any, depended solely on whether the actions of its representatives were tortious; that is, upon the culpability of the representatives. Whether they were culpable in fact has been foreclosed by the judgments of absolution plaintiffs permitted to become final. While differentiation between the defenses of res judicata and collateral estoppel by judgment has not been uniformly expressed in Texas court opinions, there is uniform agreement with the general principle applicable in these circumstances. That precept, tersely stated from cases collated in 46 Am.Jur.2d Judgments §§ 565, 570, and Restatement of Judgments § 99, and followed in Texas, is that a final judgment on the merits in favor of an agent acting for his principal is conclusive in a subsequent suit brought against the principal for derivative liability determined in the form-

**706**

er litigation. Neeley v. Southwestern Investment Company, 430 S.W.2d 465 (Tex. Sup.1968); Eastland County v. Davisson, 13 S.W.2d 673 (Tex.Comm'n App.1929); Texas Rice Land Co. v. McFaddin, Wiess & Kyle Land Co., 265 S.W. 888 (Tex. Comm'n App.1924, opinion adopted). It follows that the final judgment exculpating the bank's representatives from any liability for their actions taken on behalf of the bank prevents plaintiffs from proceeding against the bank for damages based on the same acts. The first point of error is overruled.

The summary judgment of the trial court is affirmed.