**Homer G. MAXEY et al., Petitioners,**

**v.**

**CITIZENS NATIONAL BANK OF LUB-BOCK, Texas, Respondent.**

**No. B–3865.**

Supreme Court of Texas.

March 20, 1974.

Simon & Simon, Harold D. Hammett and Henry W. Simon, Jr., Fort Worth, Stayton, Maloney, Black, Hearne & Babb, John W. Stayton, Austin, for petitioners.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, W. O. Shafer, Odessa, Evans, Pharr, Trout & Jones, Charles B. Jones, Key, Carr, Evans & Fouts, Lubbock, James M. O'Leary, Odessa, for respondent.

DENTON, Justice.

This is a suit by a customer-borrower against a bank for fraud, conspiracy and conversion. In a prior trial plaintiffs were granted a judgment against the bank for actual and exemplary damages. That judgment was reversed and remanded because of the insufficiency of the evidence to support the jury verdict. Citizens National Bank of Lubbock v. Maxey, 461 S.W.2d 138 (Tex.Civ.App.1970, writ ref'd n. r. e.). Upon remand, the trial court granted the bank's motion for summary judgment on the grounds the plaintiffs' cause of action is barred by the doctrine of res judicata and estoppel by judgment. The court of civil appeals affirmed. 489 S.W.2d 697. We reverse.

Petitioners, Homer G. Maxey, Wm. Goodacre and wife, and Tommy Elliott and wife, went to trial in the prior case on their third amended original petition, naming as defendants in addition to the Citizens National Bank of Lubbock, two related corporations, five bank officers, three bank attorneys and two customers of the bank. The plaintiffs alleged that Maxey had previously done his banking business at the First National Bank of Lubbock when he was induced to bring his business to the defendant bank by offering him an open line of credit of $1,000,000; that Maxey thereupon borrowed substantial sums of money from the bank; that the defendants interfered with Maxey's negotiations with a third party whereby Maxey was to obtain money to pay off the bank loans; that the defendants forced plaintiff under threat of foreclosure, to execute security agreements; after which they foreclosed, and sold the collateral to the bank's two related corporations and friends for substantially less than it was worth. In substance, the

plaintiffs alleged a conspiracy by the defendants to wrongfully convert plaintiffs' property. At the close of the plaintiffs' evidence, all remaining defendants save and except the Citizens National Bank were granted instructed verdicts. Judgment was subsequently entered on the jury verdict that plaintiffs recover from the defendant bank $913,378.53 actual damages and $1,500,000.00 exemplary damages. There was no appeal from the judgments in favor of the individual defendants. On appeal, the judgment rendered against the bank was reversed and remanded because of the insufficiency of the evidence to support certain material jury findings.

Upon remand, the bank moved for a summary judgment on the ground that final judgments had been entered exonerating all of the individual defendants, except the bank, and since the bank's liability as alleged, was derivative, i. e., based on the acts of its agents and employees, then it is entitled to judgment under the doctrine of res judicata and collateral estoppel. Subsequent to the filing of the bank's motion for summary judgment, the plaintiffs filed their fourth amended original petition wherein it named only the bank as defendant. The bank filed no additional pleadings in answer to the plaintiffs' fourth amended original petition.

The bank contends, and the court of civil appeals, held, that under the plaintiffs' allegations the bank's liability was derivative, and that the bank was exonerated by the final judgments entered in favor of all the individual defendants. The plaintiffs take the position their amended pleadings which alleged that the bank, under the security agreements which had been executed between the plaintiffs and the bank, had an independent contractual obligation to exercise good faith and fairness in the sale of the collateral. They argue that the instructed verdicts for the individual defendants were based on personal defenses which would not absolve the bank of liability.

The plaintiffs' fourth amended original petition, which named only the bank as defendant, alleges the same acts as had been set out in previous pleadings; however, the following additional allegations were included.

"By its conduct as described above in selling the common stock at such secret and private foreclosure sale, the defendant Bank breached its duty to plaintiffs upon and after its foreclosure by failing to exercise the standard of care required of the Bank as chattel mortgagee because the Bank became, by its act of foreclosure, a constructive Trustee for the benefit of its debtors, the plaintiffs herein. When the Bank sold plaintiffs' common stock to other corporations controlled by the Bank, the Bank did not follow the law in carrying out its duty as constructive Trustee, and thus became liable to plaintiffs for the reasonable fair market value of the property foreclosed on. Each Bank sale of the common stock owned by plaintiffs was fraud, actual or constructive, was an illegal conversion of plaintiffs' property by the defendant Bank, and was sold by the defendant Bank at an inadequate price. Since the Bank as constructive Trustee, and therefore as a fiduciary of plaintiffs, sold plaintiffs' stock to corporations owned or controlled by the Bank, the Bank has the duty to show that the sale was fair. The basic duty of the Bank at the time of foreclosure was to exercise good faith and fairness with respect to the conduct of the sale of the common stock pledged by plaintiffs. The Bank violated such duties and also violated its duty to plaintiffs to make a sincere effort to obtain full market value of the sale of the mortgaged property."

The facts material to the alleged cause of action presented here are not in dispute. Neither the bank's motion for summary judgment nor any of the affidavits filed by the bank in support of its motion for summary judgment dispute the accuracy of the facts alleged in plaintiffs' pleadings. The

affidavits purport to establish only that final judgments have been rendered in favor of the individual officers, shareholders, directors, employees, and agents of the bank previously made parties defendant to this cause of action by plaintiffs

The primary question to be determined is whether the plaintiffs' cause of action against the bank is entirely derivative in nature, thereby calling for the application of the tort doctrine of respondeat superior. We hold that the respondent bank, as pleaded in the plaintiffs' fourth amended original petition as chattel morgagee, contracted directly with plaintiffs, as mortgagors. The liability of the bank was independent and direct and not derivative of the acts of the bank's agents.

In the prior petitions filed against the officers and agents of the bank, the plaintiffs asserted that various individuals, independently or in conspiracy with other individuals and the bank, acted ex delicto, thereby causing the plaintiffs harm for which damages are being sought. No written contract existed between the plaintiffs and any of the individuals who were defendants in the prior suit. No single individual officer of the bank, or any of the other individuals, alleged to have been a part of the conspiracy of the previous suit, owed the plaintiffs a duty of the same nature as the duty owed by the bank itself.

■ A clear distinction has been made between individual liability as distinguished from that of the corporate employer. In Russell v. Edgewood Independent School District, 406 S.W.2d 249 (Tex.Civ.App. 1966, writ ref'd n. r. e.), suit was brought against Steinhauser, Superintendent of Schools for Edgewood Independent School District, alleging a tortious refusal to renew the contract between the school district and the plaintiff. Assuming, arguendo, that the school district had unlawfully breached its contract with the plaintiff, and further assuming that such breach resulted from the advice and direction of Steinhauser, the court held that Steinhauser was not liable

individually. "Even the officers and directors of an ordinary corporation, while acting as such, are not personally liable even though they recommend a breach of a valid contract. Rhine v. Sanders, 100 Ga. App. 68, 110 S.E.2d 128." The bank as a contracting party to chattel mortgagees, pledge agreements and deeds of trust owed the plaintiffs duties which were separate and distinct from the duties owed the plaintiffs by the bank's individual officers, directors, shareholders or employees. As a party to these instruments the bank assumed a contractual obligation to exercise good faith and fairness in the sale of the foreclosed collateral. Neeley v. Southwestern Investment Company, 430 S.W.2d 465 (Tex. 1968, on remand Tex.Civ.App., 443 S.W.2d 573); Eichman v. Highland Park State Bank, 345 S.W.2d 352 (Tex.Civ.App.1961, writ ref'd); Kolbo v. Blair, 379 S.W.2d 125 (Tex.Civ.App.1964, writ ref'd n. r. e.).

A distinction between the duties owed by a corporation and the corporate official was clearly drawn in United States Liability Insurance Company v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 83 Cal.Rptr. 418, 463 P.2d 770 (1970). In that case the insurance company, plaintiff, sued a corporate general agent, and the corporation's president to recover damages on the ground that both defendants negligently recommended a poor insurance risk. The court in exonerating the individual president and affirming the liability of his corporate principal stated:

"Directors or officers of a corporation . . . are not responsible to third persons for negligence amounting merely to nonfeasance, to a breach of duty owing to the corporation alone, the act must also constitute a breach of a duty owed to the third person. (19 Am.Jur.2d, § 1382). Liability imposed upon agents for active participation in tortious acts of the principal have been mostly restricted to cases involving physical injury, not pecuniary harm, to third persons (See Rest. Agency 2d, §§ 352, 354, Appendix, Reporter's notes, § 354, p. 600).

**726**

More must be shown than breach of the officer's duty to his corporation to impose personal liability to a third person upon him. Neither the evidence nor the findings support the conclusion that defendant V. M. Haidinger was personally liable to plaintiff by reason of his negligent performance of his corporate duties."

 It has been held that an officer or director may not be held liable in damages for inducing the corporation to violate a contractual obligation, provided that the officer or director acts in good faith and believes that what he does is for the best interest of the corporation. Southwestern States O. & G. Co. v. Sovereign Resources, 365 S.W.2d 417 (Tex.Civ.App.1963, writ ref'd n. r. e.); Terry v. Zachry, 272 S.W.2d 157 (Tex.Civ.App.1954, writ ref'd n. r. e.). As stated in 3, Fletcher Cyc. Corp. (Perm Ed), § 1001:

> "In so immunizing corporate directors from personal liability the law has proceeded on the theory that in so acting they are but the agents of the corporation and that the breach is that of the corporation, and hence it alone is answerable therefore, and, further, that to hold otherwise would tend to hinder directors of a corporation from acting on their judgment for the interest of their corporation and that they should be left free from possible liability of that kind."

 Under this record it cannot be said the respondent bank has shown itself entitled to a summary judgment on the basis that the bank's liability was derivative, and thus entitled to judgment here under the doctrine of res judicata and collateral estoppel.

Lastly, petitioners contend the trial judge was disqualified to participate in a trial of this cause. In view of our disposition of the case, it is not deemed necessary to discuss this contention except to say that we are of the opinion the court of civil appeals correctly held that the trial judge was not disqualified from participating in the summary judgment proceeding.

The judgment of the court of civil appeals is reversed and the case is remanded to the trial court for a new trial.