**CHILICOTE LAND COMPANY and Beacon Hill Farms, Inc., Appellants,**

**v.**

**HOUSTON CITIZENS BANK & TRUST COMPANY, Appellee.**

**No. 6443.**

Court of Civil Appeals of Texas, El Paso.

July 23, 1975.

Rehearing Denied Aug. 13, 1975.

**942**

Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Rodney W. Satterwhite, Harrell Feldt, David K. Brooks, Midland, for appellants.

Goodman, Hallmark & Akard, P. C., Kenneth L. King, Gerald P. Keith, El Paso, for appellee.

## OPINION

WARD, Justice.

This is a summary judgment case. Appellee, Houston Citizens Bank & Trust Company, filed suit on a series of promissory notes executed by Appellants, Chilicote Land Company and Beacon Hill Farms, Inc. The trial Court entered summary judgment for the bank on the balance due on the promissory notes and severed out the cross-action of the Appellants, whereby they sought damages from the bank for wrongful sequestration, unreasonable collection efforts, and conversion. That judgment is reversed and the cause remanded as the trial Judge had previously disqualified himself from sitting in the case under the terms of Article 15, Vernon's Tex.Rev.Civ. Stat.Ann.

The bank's motion for summary judgment was heard in May, 1974. On July 9, 1974, the Court advised counsel for all parties that the motion for summary judgment was sustained, that judgment would be entered on the claims of the bank, and that the Appellants' cause of action asserted in the cross-action would be severed. On August 19, 1974, the trial Judge disqualified himself from participating in any further proceedings under the provisions of Article 15, Tex.Rev.Civ.Stat.Ann., and Article 30.-01, Vernon's Tex.Code Crim.Proc.Ann. On October 1, 1974, the summary judgment appealed from was signed and entered by the same trial Judge.

The Appellants by their third and last point present the matter of the trial Judge's voluntary disqualification, and it is this point which is now considered. The record of disqualification is reflected by the

statement in the Appellants' brief and by a copy of the Court's docket sheet in the transcript. The latter shows the Court's decision on the summary judgment, the order of severance of July 9, 1974, and the trial Judge's disqualification of August 19, 1974. No formal order of disqualification is found of record, but the parties agree that the trial Judge disqualified himself on the date stated by his notation on the docket sheet that the "Court disqualifies itself in any further proceedings under provisions of Art. 15 VATS; CCP Art. 30.01." We accept the statement made in the Appellants' brief as true. Rule 419, Texas Rules of Civil Procedure. While the reference to Article 30.01 can be regarded as immaterial to this civil proceeding, Article 15 does apply and it merely restates the provisions of the Constitution, art. V, § 11, Vernon's Ann.St. Since he disqualified under Article 15, the disqualified Judge was incapacitated from taking any action in the cause which required the exercise of judicial discretion. As defined by the above constitutional and statutory provisions, the disqualification destroyed the power of the Court to act. It cannot be waived by the parties, and it rendered the purported judgment signed by him void. *Postal Mut. Indemnity Co. v. Ellis*, 140 Tex. 570, 169 S.W.2d 482 (1943); *Indemnity Insurance Company of North America v. McGee*, 356 S.W.2d 666 (Tex. 1962); 1 McDonald, Texas Civil Practice, § 1.23; 33 Tex.Jur.2d Judges § 58 at 429. Appellee argues that the trial Judge merely rescued himself from a case where a delicate question of his indirect bias or prejudice was presented and that no constitutional or statutory disqualification is involved; that the grounds enumerated by the Constitution have in the past been held to be both inclusive and exclusive and mere bias and prejudice are not disabling factors. *Maxey v. Citizens National Bank of Lubbock*, 489 S.W.2d 697 (Tex.Civ.App.—Amarillo 1972), rev'd on other grounds, 507 S.W.2d 722 (Tex.1974); 1 McDonald, Texas Civil Practice, § 1.22.1. This argument is rejected in the face of the record presented. Certain letters purportedly written by the Judge and attached to the Appellee's brief are not properly before us and cannot be considered. Further, the Code of Judicial Conduct with its Canon 3, subsection C, became effective on September 1, 1974, prior to the entry of the summary judgment. Its adoption by the Supreme Court establishes the rule that when a judge now disqualifies he is without power to act for broader reasons than existed heretofore. The point is sustained, as the trial Judge was powerless to enter the judgment appealed from.

The remaining points are not reached. The judgment of the trial Court is reversed and the cause is remanded.