**Sharon R. ROBB, Appellant,**

v.

**Gregory A. ROBB, Appellee.**

No. 6926.

Court of Civil Appeals of Texas, El Paso.

Sept. 3, 1980.

Malone & Snoddy, Sam Snoddy, El Paso Legal Assistance Soc., Luis C. Labrado, El Paso, for appellant.

Miranda & Boyaki, Ralph Miranda, Walter Boyaki, El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal, from the the trial Court's division of the estate of the parties and the award of child support incident to a suit for divorce, involves the question of whether, under the terms of Article 200a, sec. 6, Tex.Rev.Civ.Stat.Ann. (Supp.1980), the trial judge had the mandatory duty to request a presiding judge to assign another district judge to hear Appellant's motion to recuse. Article 200a, sec. 6, is held to be mandatory, and we reverse the judgment of the trial Court for failure to comply with it.

Section 6 of Article 200a was amended by the 65th Legislature effective August 29, 1977, to provide in part:

> A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court.

The Supreme Court of Texas has held that the statute is mandatory. *McLeod v. Harris*, 582 S.W.2d 772 (Tex.1979). The quoted portion of the statute is all there is concerning recusal. It is a one sentence provision appearing in the middle of Section 6 of Article 200a which speaks of other matters. It has no guidelines; no limits are placed on the form, time or the contents of motions to recuse. Therein lies our problem with this case. In the case before us, the grounds for recusal are not any of those provided by the Constitution, and the motion for recusal was made for the first time in a motion for

new trial. The grounds for recusal were that the trial judge, Brunson Moore, was obligated to Appellee's attorneys for political contributions, and it alleged details of differences during the campaign between the trial judge and Appellant's counsel, all of which amounted to, and were alleged to be, bias and prejudice in violation of Cannon 3C of the Code of Judicial Conduct.

Under Texas law, grounds of disqualifications in civil matters are dictated by the Constitution, Article V, sec. 11, and by Article 15, Tex.Rev.Civ.Stat.Ann., which reiterates the constitutional grounds, which are:

· No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case.

These grounds of disqualification of a judge have long been held to be both inclusive and exclusive. *Love v. Wilcox*, 119 Tex. 256, 28 S.W.2d 515 (1930); *Galveston and Houston Investment Company v. Grymes*, 94 Tex. 609, 63 S.W. 860 (1901); *Taylor v. Williams*, 26 Tex. 583 at 587; *Maxey v. Citizens National Bank of Lubbock*, 489 S.W.2d 697 (Tex.Civ.App.–Amarillo 1972), rev'd on other grounds 507 S.W.2d 722 (1974); 1 McDonald, Texas Civil Practice sec. 1.22.1 (1965 rev.). As said in *Maxey v. Citizens National Bank of Lubbock*, supra:

Because the constitutional and statutory disqualifying grounds are inclusive and exclusive, mere prejudice and bias are excluded as a disabling factor. *Taylor v. Williams*, supra.

And, see: *Shapley v. Texas Department of Human Resources*, 581 S.W.2d 250 (Tex.Civ. App.–El Paso 1979, no writ), and *Chilicote Land Company v. Houstons Citizens Bank & Trust Company*, 525 S.W.2d 941 (Tex.Civ. App.–El Paso 1975, no writ). All of this has now been changed by the Supreme Court's decision in *McLeod v. Harris*, supra. There, the grounds for recusal were that the trial judge had close personal relationship with one of the parties, and that political differences existed between the movant and the trial judge. The Court pointed out that the motion to recuse does not in itself disqualify the judge and no opinion was expressed as to its merits. It was then concluded that under the express terms of Article 200a, sec. 6, the trial judge had mandatory duty to request the presiding judge to assign another district judge to hear the relator's motion to recuse. In a footnote, the Court set out the constitutional prohibition contained in Article V, sec. 11, and said:

This constitutional prohibition has been implemented by Art. 15, Tex.Rev.Civ. Stat.Ann., Art. 30.01 of the Tex.Code Crim.Proc.Ann., and by Canon 3 C of the Code of Judicial Conduct as promulgated by the Supreme Court of Texas, amended as of February 18, 1977.

We are bound by that decision and follow it in this case, but we are not precluded from questioning its soundness, for the constitution cannot be amended by judicial fiat. Or, if we misconstrue the opinion, and bias and prejudice and the Code of Judicial Conduct are not grounds for disqualification of a judge, then what reason is there for mandating a hearing on a motion alleging such causes to recuse? Why order a vain thing which would be very time consuming and disruptive of the judicial process? The flaws of the statute, Article 200a, are discussed in a feature article entitled *Who Determines Judicial Disqualification?*, by Elmo Schwab, 43 Tex.B.J. 197 (1980). The author foresees many problems which devolve mainly from the fact that the statute does not require that legally sufficient grounds be asserted in the motion, but simply provides that upon the filing of *any* motion to recuse the assignment of a visiting judge from elsewhere in the administrative district is required to hear the same, "[a]nd, since no limits are placed on the form, time, or contents of motions to recuse, it might well be that trials will be encumbered by the daisy–chain, or ripple effect phenomenon occasioned by the filing of multiple recusation motions." In a per curiam opinion in *Cameron v. Greenhill*, 582 S.W.2d 775 (Tex.1979), handed down the same day as *McLeod v. Harris*, the Supreme Court refused a motion that the judges

thereof should recuse themselves because they were parties to the proceedings. The Court said:

> To hold that merely naming a judge as a party would disqualify him would put power in the hands of litigants to frustrate our judicial system.

We submit that the same is true of Section 6 of Article 200a in its present form.

Appellant, in her motion and amended motion for new trial, requested that the trial judge grant her a new trial and recuse himself from the case. The existence of disqualification of a judge may be urged at any time. *Pinchback v. Pinchback*, 341 S.W.2d 549 (Tex.Civ.App.–Fort Worth 1960, writ ref'd n. r. e.); motion filed after summary judgment was ordered, *Fry v. Tucker*, 146 Tex. 18, 202 S.W.2d 218 (1947), holding that the question of disqualification of the judge may be raised subsequent to his actions in the case and that the disqualification cannot be waived by the parties in order to give validity to the judge's actions. And, see: 1 McDonald, Texas Civil Practice sec. 1.24 (1965 rev.).

For the reasons stated, the judgment of the trial Court is reversed and the cause is remanded to that Court.

WARD, Justice, dissenting.

I respectfully dissent on the basis that a distinction exists between the old constitutional and statutory grounds for disqualification provided for by Article V, section 11, of the Constitution and Article 15, Tex.Rev. Civ.Stat.Ann., and the new ones of mere bias and prejudice under Canon 3 C of the Code of Judicial Conduct. The existence of the old disqualification could be urged at any time. Normally, those grounds would be known to the trial judge from the beginning and the disruption of an anticipated trial avoided by the judge disqualifying himself. In this case, the motion to disqualify was filed in the motion for new trial. Such a motion, raising bias and prejudice under Canon 3 C for the first time, comes too late for the mandatory action called for by Section 6 of Article 200a, Tex.Rev.Civ. Stat.Ann. This is a reasonable limitation

on the language of that statute and does no violence to its meaning. I would overrule the point.