COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-065-CV

LEGACY MOTORS, LLC APPELLANT

V.

DAVID E. BONHAM d/b/a APPELLEE

BONHAM RECOVERY

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Legacy Motors, LLC appeals from the trial court’s judgment, entered after a bench trial, awarding Appellee David E. Bonham d/b/a Bonham Recovery $10,915.62, less a $2,000.00 offset, for his suit on sworn account and awarding Bonham $4,468.75 in attorney’s fees.  In five issues, Legacy argues that there is no evidence to support the judgment, that the trial court abused its discretion by disregarding Legacy’s relevant evidence and by failing to provide for a full offset, that trial counsel provided ineffective assistance, that there was no basis for the attorney’s fees that were awarded, and that the trial court showed a possible bias by disrupting the proceedings to allow Bonham’s counsel to try separate issues.  We will affirm.

II.  Factual and Procedural Background

Legacy is a “note lot” that sells used cars to people who have no credit or bad credit.  Legacy enlisted Bonham’s services to repossess automobiles.

Bonham charged Legacy $225 to repossess a vehicle in Tarrant County and $275 to repossess vehicles in surrounding counties.  Bonham would charge an extra $75 “skip trace” fee if Legacy sent it an account bearing a wrong address, and Bonham was required to find the correct address to locate the vehicle.  Legacy did not require pre-approval for Bonham to charge this $75 fee.  Bonham also charged $75 if it made a field call, found that the vehicle was in a garage, and convinced the owner to go in to Legacy to make payment arrangements.  

The first year that Bonham did business with Legacy, Legacy paid promptly.  The second year, Legacy became one of Bonham’s slow paying accounts.  Eventually, Bonham demanded payment from Legacy on unpaid charges totaling $10,915.62, but Legacy failed to pay.  In an attempt to get Legacy to pay, Bonham sent drivers over to Legacy’s lot and took back four of the repossessed vehicles that it had recently delivered.  The police, however, made Bonham aware that it was illegal for Bonham to take the vehicles, so Bonham returned them within an hour.  Ultimately, Bonham filed a suit on sworn account to obtain the unpaid charges totaling $10,915.62.

One week prior to trial, Legacy filed a counterclaim, alleging that Bonham had committed the tort of trespass to personal property by stealing four vehicles from Legacy’s lot.  Legacy asserted that although the four vehicles were returned a short time after the theft, the vehicles were damaged while in Bonham’s possession.  Legacy claimed that the total damage Bonham caused to the vehicles was $5,352.60, and Legacy requested punitive damages for Bonham’s actions.  The issue of whether Bonham damaged the vehicles was sharply contested at trial; Bonham claimed that no damage had occurred during its removal or return of the vehicles. 

After hearing the evidence, the trial court awarded Bonham $10,915.62 on the suit on sworn account, less a $2,000.00 offset for damage to the vehicles, and $4,468.75 in attorney’s fees.  This appeal followed.

III.  Evidence Supports The Judgment

In its first issue, Legacy argues that there is no evidence to support the judgment.  Specifically, Legacy contends that the evidence allegedly supporting the damages award constituted inadmissible hearsay because the witness, who testified about the invoices related to the unpaid charges, said that she did not have personal knowledge regarding whether Bonham had actually performed the work it had charged to Legacy. 

A. Applicable Standards of Review 

In a trial to the court where no findings of fact or conclusions of law are filed, the trial court’s judgment implies all findings of fact necessary to support it.  
Pharo v. Chambers County
, 922 S.W.2d 945, 948 (Tex. 1996).  Where a reporter’s record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues.  
BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 795 (Tex. 2002).  Where such issues are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court’s findings of fact.  
Roberson v. Robinson
, 768 S.W.2d 280, 281 (Tex. 1989).  The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence.  
Worford v. Stamper
, 801 S.W.2d 108, 109 (Tex. 1990)
. 

A legal sufficiency challenge may only be sustained when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact-finder could, and disregard evidence contrary to the finding unless a reasonable fact-finder could not.
  
City of Keller v. Wilson
, 
168 S.W.3d 802, 827
 (Tex. 2005). 

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

B. Law Applicable to Business Records Hearsay Exception

Texas Rule of Evidence 803(6), known as the business records exception to the hearsay rule, provides that the following type of evidence is not excluded by the hearsay rule:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Tex. R. Evid.
 803(6).  Rule 803(6) does not require that a witness have personal knowledge of the facts behind each and every bookkeeping entry in order to authenticate business records.  
See Trawick v. Trawick
, 671 S.W.2d 105, 111 (Tex. App.—El Paso 1984, no writ).

C. Application of Law to Facts

During the trial, Jennifer Bonham, who co-owned Bonham with her husband, testified that it was Bonham’s business practice to prepare an invoice for each vehicle that it repossessed.  She testified that she had no personal knowledge of whether the services were performed but instead relied upon the drivers employed by Bonham to tell her what work had been performed (i.e., a repossession only or a repossession and a “skip trace”).  She testified, however, that Bonham always provided the services reflected on its invoices.  Thereafter, over Legacy’s hearsay objection, the trial court admitted into evidence an exhibit summarizing the invoices
(footnote: 2) that Legacy had not paid. 

Legacy argues on appeal that the trial court erred by admitting the summary of the unpaid invoices because the invoices were not prepared by the actual drivers who had performed the repossessions and “skip traces.”  At trial, however, Legacy stipulated that Jennifer Bonham was qualified to establish that the invoices were business records.  And, as set forth above, it is not necessary that the records custodian possess actual knowledge of every entry on an invoice; the only requirement is that 
the information used to create the invoice be transmitted by a person with knowledge
.  
See 
Tex. R. Evid.
 803(6); 
Trawick
, 671 S.W.2d at 111
.  Therefore, we hold that the trial court did not abuse its discretion by admitting the summary of invoices under the business records hearsay exception.

We now proceed to review Legacy’s first argument, which we interpret as a challenge to the sufficiency of the evidence.  The evidence demonstrated that Legacy had failed to pay Bonham $10,915.62 for work that Bonham had performed for Legacy.  Legacy did not argue at trial that the charges had been paid.  Instead, Legacy said that it had been investigating fifty of Bonham’s charges and had found ten or twelve that Legacy believed were fraudulent (i.e., that Bonham had not performed the $75 field call for which it had billed Legacy) because the owners of the vehicles said that they had not been contacted by Bonham before they came in to pay on their accounts.  However, Legacy did not establish how much, if any, of the $10,915.62 in unpaid invoices reflected allegedly fraudulent charges.

After considering evidence favorable to the finding that a reasonable fact-finder could consider and disregarding evidence contrary to the finding unless a reasonable fact-finder could not, we hold that there is legally sufficient evidence to support the trial court’s award of $10,915.62 to Bonham on its suit on sworn account
.
  
See City of Keller
, 
168 S.W.3d at 827.
 
 Additionally, the evidence supporting the 
trial court’s award of $10,915.62 to Bonham on its suit on sworn account
 is not so weak and the evidence to the contrary is not so overwhelming that the award should be set aside and a new trial ordered.  
Garza
, 395 S.W.2d at 823.  We therefore overrule Legacy’s first issue.

IV.  Expert Testimony Necessary to Establish Cost of Repairs

In its second issue, Legacy claims that the trial court abused its discretion by disregarding its relevant evidence and by failing to provide for a full offset in the judgment.  Specifically, Legacy contends that David Hill, the president of Legacy, should have been allowed to testify regarding the amount of monetary damages to each of the four vehicles that Bonham took from Legacy’s lot because such testimony did not constitute expert testimony, or if it did, Hill was qualified to provide such testimony.  Legacy further argues that expert testimony is not required. 

Traditionally, the rule is that proof of reasonableness and necessity of repairs is required to recover damages for repair costs.  
Kish v. Van Note
, 692 S.W.2d 463, 466 (Tex. 1985).  To establish that repairs are recoverable, the magic words “reasonable” and “necessary” need not be used.  
Ron Craft Chevrolet, Inc. v. Davis
, 836 S.W.2d 672, 677 (Tex. App.—El Paso 1992, writ denied).  The injured party need only present sufficient competent testimony so that the trier of fact is justified in concluding that the repairs are necessary and that the cost of repair is reasonable.  
Carrow v. Bayliner Marine Corp.
, 781 S.W.2d 691, 694 (Tex. App.—Austin 1989, no writ).  Some courts have held that such evidence falls within the exclusive domain of an expert.  
See Ha v. W. Houston Infiniti, Inc.
, No. 01-94-00884-CV, 1995 WL 516993, at *2 (Tex. App.—Houston [1st Dist.] 
Aug. 31, 1995, writ denied) (op. on reh’g) (not designated for publication); 
see also Executive Taxi/Golden Cab v. Abdelillah
, No. 05-03-01451-CV, 2004 WL 1663980, at *1 (Tex. App.—Dallas July 19, 2004, pet. denied) (mem. op.) (stating that expert testimony of person making estimate or performing repairs or third-party approval of repairs has been held sufficient to support award of damages based on cost of repairs).

In this case, David Hill, the vice president of Legacy, testified that approximately twenty-five to thirty percent of the cars that Bonham repossessed came to Legacy’s lot with some kind of undercarriage damage and that Legacy assumed that as a risk of doing business because Legacy had instructed Bonham to repossess the vehicles quickly.  Hill said that he never felt that any of the damage was excessive or beyond the normal repossession of a vehicle.

With regard to the four vehicles removed from the Legacy lot by Bonham, Hill testified that he had inspected the four vehicles prior to Bonham’s removing them from the Legacy lot and that the vehicles did not have damage.  Hill testified that he also inspected the four vehicles when Bonham returned them and that he found damage on all four vehicles.  Hill then attempted to testify to the repair cost for the four vehicles allegedly damaged by Bonham.  However, the trial court sustained Bonham’s objection that Hill had not been designated as an expert. 

On appeal, Legacy does not contend that it designated Hill as an expert, but argues only that if we reject Legacy’s argument that expert testimony is not required then Hill should qualify as an expert because he has the knowledge, training, and education to testify regarding repair costs.  Based on the case law above, we hold that expert testimony is required to prove the reasonableness and necessity of repairs.  
See Ha
,
 
1995 WL 516993, at *2; 
see also Executive Taxi/Golden Cab
, 2004 WL 1663980, at *1.  Therefore, we proceed to analyze whether Hill can testify as an expert.

Although the record indicates that repairs were made to the vehicles by Hill’s technicians under his supervision, Texas Rule of Civil Procedure 193.6 prohibits a party from offering evidence that was not timely disclosed in a discovery response unless the court finds that (1) there was good cause for the failure to timely make, amend, or supplement the discovery response, or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.  
See 
Tex. R. Civ. P.
 193.6.  After reviewing the record, we are unable to find any explanation by Legacy that there was good cause for its failure to disclose Hill as an expert or that Bonham was not unfairly surprised because, as noted above in the background section, Legacy did not file its counterclaim seeking these damages until one week prior to trial.  Therefore, we hold that the trial court properly excluded Hill’s testimony regarding the cost of repairs because Hill was not designated as an expert.  
See
 
Ha
, 1995 WL 516993, at *2.  We overrule Legacy’s second issue.

V.  Ineffective Assistance of Counsel Claims in a Civil Case

In its third issue, Legacy argues that it received ineffective assistance of counsel during the trial and argues in its reply brief that the doctrine of ineffective assistance should be applied in civil cases.  The doctrine of ineffective assistance of counsel does not extend to civil cases in general.  
See McCoy v. Tex. Instruments, Inc.
, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.); 
Green v. Kaposta
, 152 S.W.3d 839, 844 (Tex. App.—Dallas 2005, no pet.);
 Cherqui v. Westheimer St. Festival Corp.
, 116 S.W.3d 337, 343 (Tex. App.—Houston [14th Dist.] 2003, no pet.).  Although exceptions to the general rule have been made to apply the doctrine to parental termination cases,
(footnote: 3) no exception has been made for suits on sworn account, and we decline to create such an exception.  Therefore, we apply the general rule that there is no right to effective assistance of counsel in a civil matter.  
See McCoy
, 183 S.W.3d at 548; 
Green
, 152 S.W.3d at 844;
 Cherqui
, 116 S.W.3d at 343.  Accordingly, we overrule Legacy’s third issue.

VI.  Attorney’s Fees Were Reasonable

In its fourth issue, Legacy claims that there is no basis to support the attorney’s fees awarded by the trial court.  Legacy Motors does not argue, however, that Bonham is not entitled to any attorney’s fees but rather that the amount of attorney’s fees awarded by the trial court was excessive and unreasonable.  Bonham urges us to disregard this argument by Legacy because Legacy stipulated during trial that the attorney’s fees sought by Bonham were reasonable and necessary.
(footnote: 4)  We have reviewed the record and found Bonham’s response to be true.  Consequently, Legacy is estopped from arguing on appeal that the attorney’s fees awarded by the trial court were not reasonable.  
See
 
Houston Lighting & Power Co. v. City of Wharton
, 101 S.W.3d 633, 641 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (stating that stipulation serves as proof on an issue that otherwise would be tried
, is conclusive on the issue addressed, and estops parties from claiming to the contrary).
  We overrule Legacy’s fourth issue.

VII.  No Bias Shown

In its fifth issue, Legacy contends that the trial court exhibited a bias by interrupting the trial several times to allow Bonham’s attorney to handle matters in other cases pending on its docket.  Legacy specifically claims that the trial court’s action in conducting other hearings during the day at which Bonham’s attorney appeared and represented a different party would cause a reasonable member of the public at large to have a reasonable doubt as to the trial court’s impartiality.  Bonham responds that Legacy has reached outside the record in order to launch an unfounded and unnecessary attack upon the integrity of the trial court because Legacy does not claim that it was harmed by the disruptions. 

The existence of disqualification of a judge may be urged at any time.  
Robb v. Robb
, 605 S.W.2d 390, 392 (Tex. Civ. App.—El Paso 1980, no writ) (citing 
Pinchback v. Pinchback
, 341 S.W.2d 549, 553 (Tex. Civ. App.—Fort Worth 1960, writ ref’d n.r.e.)).  In a disqualification case based upon a claim of bias, where the record is complete, the case may be adequately reviewed on appeal to see whether the trial court was so biased against a party as to affect his right to due process.  
Stafford v. State
, 948 S.W.2d 921, 925 (Tex. App.—Texarkana 1997, pet. ref’d).

‘[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion,’ and opinions the judge forms during a trial do not necessitate recusal ‘unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.’  

Dow Chem. Co. v. Francis
, 46 S.W.3d 237, 240-41 (Tex. 2001) (quoting 
Liteky v. United States
, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)).  Furthermore, expressions of impatience, dissatisfaction, annoyance, and even anger do not establish bias or partiality.  
Francis
, 46 S.W.3d at 240.  “A judge’s ordinary efforts at courtroom administration—even a stern and short-tempered judge’s ordinary efforts at courtroom administration—remain immune.”  
Id.
 (quoting 
Liteky
, 510 U.S. at 556, 114 S. Ct. at 1157).

Although Legacy complains about disruptions during the trial, the record reflects only six instances when the court recessed, and some of the recesses appear to be at Legacy’s request.  A recess was taken to enable the judge and the court reporter to take a break, another recess was due to an unnamed “interruption,” and one recess was taken to allow Legacy to go through some invoices.  After the sixth recess, the trial court stated, “[T]hat’s the last of our other cases, so let’s motor on through.”  Based on the record, it is not obvious how many of the unexplained recesses were due to hearings on other matters or how many of those matters involved Bonham’s counsel.

Nothing in the record indicates any deep-seated favoritism by the trial court toward Bonham.  Consequently, we hold that Legacy has not established that the trial judge held a bias against it.  We overrule Legacy’s fifth issue.

VIII.  Frivolous Appeal

Bonham raises a cross-issue in its brief and has filed a separate motion asking us to consider whether Legacy’s appeal is frivolous.  Specifically, Bonham argues that Legacy’s appeal is meritless and has resulted in added expense and delay. 

The imposition of damages for frivolous appeals is governed by Texas Rule of Appellate Procedure 45 and is a matter of discretion with the reviewing court.  
See 
Tex. R. App. P.
 45; 
Casteel-Diebolt v. Diebolt
, 912 S.W.2d 302, 306 (Tex. App.–Houston [14th Dist.] 1995, no writ).  Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious.  
See Chapman v. Hootman
, 999 S.W.2d 118, 125 (Tex. App.—Houston [14th Dist.] 1999, no pet.); 
City of Houston v. Crabb
, 905 S.W.2d 669, 676 (Tex. App.—Houston [14th Dist.] 1995, no writ).  We find no such circumstances here.  We therefore deny Bonham’s cross-issue and motion requesting appellate sanctions.

IX.  Conclusion

Having overruled each of Legacy’s five issues and having denied Bonham’s motion requesting sanctions, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL F:  CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED: September 13, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
During the trial, Bonham made the actual individual invoices available for inspection. 

3:
See In re M.S.
, 115 S.W.3d 534, 544 (Tex. 2003) (holding that statutory right to counsel in parental-rights termination cases embodies right to effective counsel).

4:
[Bonham’s attorney]:  Your Honor, I would like to testify regarding attorney’s fees.

THE COURT:  Come on up.

[Legacy’s attorney]:  Your Honor, we’ll stipulate.

THE COURT:  As to reasonable and necessary fees of - - 

[Legacy’s attorney]:  Yes. 

Thereafter, the trial court admitted an exhibit from Bonham containing the stipulated reasonable and necessary attorney’s fees incurred in the case, and Legacy did not object.