COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-065-CV

 

 

LEGACY MOTORS, LLC                                                        APPELLANT

 

                                                   V.

 

DAVID E. BONHAM d/b/a                                                        APPELLEE

BONHAM RECOVERY

 

                                              ------------

 

         FROM COUNTY COURT AT LAW
NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Legacy Motors, LLC appeals from the
trial court=s judgment, entered after a
bench trial, awarding Appellee David E. Bonham d/b/a Bonham Recovery
$10,915.62, less a $2,000.00 offset, for his suit on sworn account and awarding
Bonham $4,468.75 in attorney=s
fees.  In five issues, Legacy argues that
there is no evidence to support the judgment, that the trial court abused its
discretion by disregarding Legacy=s
relevant evidence and by failing to provide for a full offset, that trial
counsel provided ineffective assistance, that there was no basis for the
attorney=s fees
that were awarded, and that the trial court showed a possible bias by
disrupting the proceedings to allow Bonham=s
counsel to try separate issues.  We will
affirm.

II.  Factual and Procedural Background

Legacy is a Anote lot@ that
sells used cars to people who have no credit or bad credit.  Legacy enlisted Bonham=s
services to repossess automobiles.

Bonham charged Legacy $225 to repossess a vehicle
in Tarrant County and $275 to repossess vehicles in surrounding counties.  Bonham would charge an extra $75 Askip
trace@ fee if
Legacy sent it an account bearing a wrong address, and Bonham was required to
find the correct address to locate the vehicle. 
Legacy did not require pre-approval for Bonham to charge this $75 fee.  Bonham also charged $75 if it made a field
call, found that the vehicle was in a garage, and convinced the owner to go in
to Legacy to make payment arrangements.  








The first year that Bonham did business with
Legacy, Legacy paid promptly.  The second
year, Legacy became one of Bonham=s slow
paying accounts.  Eventually, Bonham
demanded payment from Legacy on unpaid charges totaling $10,915.62, but Legacy
failed to pay.  In an attempt to get
Legacy to pay, Bonham sent drivers over to Legacy=s lot
and took back four of the repossessed vehicles that it had recently
delivered.  The police, however, made
Bonham aware that it was illegal for Bonham to take the vehicles, so Bonham
returned them within an hour. 
Ultimately, Bonham filed a suit on sworn account to obtain the unpaid
charges totaling $10,915.62.

One week prior to trial, Legacy filed a
counterclaim, alleging that Bonham had committed the tort of trespass to
personal property by stealing four vehicles from Legacy=s
lot.  Legacy asserted that although the
four vehicles were returned a short time after the theft, the vehicles were
damaged while in Bonham=s possession.  Legacy claimed that the total damage Bonham
caused to the vehicles was $5,352.60, and Legacy requested punitive damages for
Bonham=s
actions.  The issue of whether Bonham
damaged the vehicles was sharply contested at trial; Bonham claimed that no
damage had occurred during its removal or return of the vehicles. 

After hearing the evidence, the trial court
awarded Bonham $10,915.62 on the suit on sworn account, less a $2,000.00 offset
for damage to the vehicles, and $4,468.75 in attorney=s
fees.  This appeal followed.

III.  Evidence Supports The Judgment








In its first issue, Legacy argues that there is
no evidence to support the judgment. 
Specifically, Legacy contends that the evidence allegedly supporting the
damages award constituted inadmissible hearsay because the witness, who
testified about the invoices related to the unpaid charges, said that she did
not have personal knowledge regarding whether Bonham had actually performed the
work it had charged to Legacy. 

A.     Applicable Standards of Review 

In a trial to the court where no findings of fact or conclusions
of law are filed, the trial court=s judgment implies
all findings of fact necessary to support it. 
Pharo v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996).  Where a reporter=s record is filed,
however, these implied findings are not conclusive, and an appellant may
challenge them by raising both legal and factual sufficiency of the evidence
issues.  BMC Software Belg., N.V. v.
Marchand, 83 S.W.3d 789, 795 (Tex. 2002). 
Where such issues are raised, the applicable standard of review is the
same as that to be applied in the review of jury findings or a trial court=s findings of
fact.  Roberson v. Robinson, 768
S.W.2d 280, 281 (Tex. 1989).  The
judgment must be affirmed if it can be upheld on any legal theory that finds
support in the evidence.  Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990). 








A legal sufficiency challenge may only be sustained when
(1) the record discloses a complete absence of evidence of a vital fact, (2)
the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact, (3) the evidence offered to prove
a vital fact is no more than a mere scintilla, or (4) the evidence establishes
conclusively the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040 (1999); Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error,
38 TEX. L. REV. 361, 362-63 (1960).  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable fact-finder could, and
disregard evidence contrary to the finding unless a reasonable fact-finder
could not.  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005). 








An assertion that the evidence is factually
insufficient to support a fact finding means that the evidence supporting the
finding is so weak or the evidence to the contrary is so overwhelming that the
answer should be set aside and a new trial ordered.  Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965).  We are required to consider
all of the evidence in the case in making this determination, not just the
evidence that supports the finding.  Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert. denied,
525 U.S. 1017 (1998).

 

 

 

B.      Law Applicable to Business Records Hearsay
Exception

Texas Rule of Evidence 803(6), known as the business
records exception to the hearsay rule, provides that the following type of
evidence is not excluded by the hearsay rule:

A memorandum, report, record, or
data compilation, in any form, of acts, events, conditions, opinions, or
diagnoses, made at or near the time by, or from information transmitted by, a
person with knowledge, if kept in the course of a regularly conducted business
activity, and if it was the regular practice of that business activity to make
the memorandum, report, record, or data compilation, all as shown by the
testimony of the custodian or other qualified witness, or by affidavit that
complies with Rule 902(10), unless the source of information or the method or
circumstances of preparation indicate lack of trustworthiness.

 

Tex. R. Evid. 803(6). 
Rule 803(6) does not require that a witness have personal knowledge of
the facts behind each and every bookkeeping entry in order to authenticate
business records.  See Trawick v.
Trawick, 671 S.W.2d 105, 111 (Tex. App.CEl Paso 1984, no
writ).

C.      Application of Law to Facts








During the trial, Jennifer Bonham, who co-owned Bonham with
her husband, testified that it was Bonham=s business
practice to prepare an invoice for each vehicle that it repossessed.  She testified that she had no personal
knowledge of whether the services were performed but instead relied upon the
drivers employed by Bonham to tell her what work had been performed (i.e., a
repossession only or a repossession and a Askip trace@).  She testified, however, that Bonham always
provided the services reflected on its invoices.  Thereafter, over Legacy=s hearsay
objection, the trial court admitted into evidence an exhibit summarizing the
invoices[2]
that Legacy had not paid. 








Legacy argues on appeal that the trial court
erred by admitting the summary of the unpaid invoices because the invoices were
not prepared by the actual drivers who had performed the repossessions and Askip
traces.@  At trial, however, Legacy stipulated that
Jennifer Bonham was qualified to establish that the invoices were business
records.  And, as set forth above, it is
not necessary that the records custodian possess actual knowledge of every
entry on an invoice; the only requirement is that the information
used to create the invoice be transmitted by a person with knowledge.  See Tex.
R. Evid. 803(6); Trawick, 671 S.W.2d at 111.  Therefore, we hold that the trial court did
not abuse its discretion by admitting the summary of invoices under the
business records hearsay exception.

We now proceed to review Legacy=s first
argument, which we interpret as a challenge to the sufficiency of the
evidence.  The evidence demonstrated that
Legacy had failed to pay Bonham $10,915.62 for work that Bonham had performed
for Legacy.  Legacy did not argue at
trial that the charges had been paid. 
Instead, Legacy said that it had been investigating fifty of Bonham=s
charges and had found ten or twelve that Legacy believed were fraudulent (i.e.,
that Bonham had not performed the $75 field call for which it had billed
Legacy) because the owners of the vehicles said that they had not been
contacted by Bonham before they came in to pay on their accounts.  However, Legacy did not establish how much,
if any, of the $10,915.62 in unpaid invoices reflected allegedly fraudulent
charges.








After considering evidence favorable to the finding that a
reasonable fact-finder could consider and disregarding evidence contrary to the
finding unless a reasonable fact-finder could not, we hold that there is
legally sufficient evidence to support the trial court=s award of
$10,915.62 to Bonham on its suit on sworn account.  See City of Keller, 168
S.W.3d at 827.  Additionally, the evidence
supporting the trial court=s award of
$10,915.62 to Bonham on its suit on sworn account is not so weak and the
evidence to the contrary is not so overwhelming that the award should be set
aside and a new trial ordered.  Garza,
395 S.W.2d at 823.  We therefore overrule
Legacy=s first
issue.

IV.  Expert Testimony Necessary to Establish Cost
of Repairs

In its second issue, Legacy claims that the trial
court abused its discretion by disregarding its relevant evidence and by failing
to provide for a full offset in the judgment. 
Specifically, Legacy contends that David Hill, the president of Legacy,
should have been allowed to testify regarding the amount of monetary damages to
each of the four vehicles that Bonham took from Legacy=s lot
because such testimony did not constitute expert testimony, or if it did, Hill
was qualified to provide such testimony. 
Legacy further argues that expert testimony is not required. 








Traditionally, the rule is that proof of
reasonableness and necessity of repairs is required to recover damages for
repair costs.  Kish v. Van Note,
692 S.W.2d 463, 466 (Tex. 1985).  To
establish that repairs are recoverable, the magic words Areasonable@ and Anecessary@ need
not be used.  Ron Craft Chevrolet,
Inc. v. Davis, 836 S.W.2d 672, 677 (Tex. App.CEl Paso
1992, writ denied).  The injured party
need only present sufficient competent testimony so that the trier of fact is
justified in concluding that the repairs are necessary and that the cost of
repair is reasonable.  Carrow v.
Bayliner Marine Corp., 781 S.W.2d 691, 694 (Tex. App.CAustin
1989, no writ).  Some courts have held
that such evidence falls within the exclusive domain of an expert.  See Ha v. W. Houston Infiniti, Inc.,
No. 01-94-00884-CV, 1995 WL 516993, at *2 (Tex. App.CHouston
[1st Dist.] Aug. 31, 1995, writ denied) (op. on reh=g) (not
designated for publication); see also Executive Taxi/Golden Cab v.
Abdelillah, No. 05-03-01451-CV, 2004 WL 1663980, at *1 (Tex. App.CDallas
July 19, 2004, pet. denied) (mem. op.) (stating that expert testimony of person
making estimate or performing repairs or third-party approval of repairs has
been held sufficient to support award of damages based on cost of repairs).

In this case, David Hill, the vice president of
Legacy, testified that approximately twenty-five to thirty percent of the cars
that Bonham repossessed came to Legacy=s lot
with some kind of undercarriage damage and that Legacy assumed that as a risk
of doing business because Legacy had instructed Bonham to repossess the
vehicles quickly.  Hill said that he
never felt that any of the damage was excessive or beyond the normal
repossession of a vehicle.








With regard to the four vehicles removed from the
Legacy lot by Bonham, Hill testified that he had inspected the four vehicles
prior to Bonham=s removing them from the Legacy
lot and that the vehicles did not have damage. 
Hill testified that he also inspected the four vehicles when Bonham
returned them and that he found damage on all four vehicles.  Hill then attempted to testify to the repair
cost for the four vehicles allegedly damaged by Bonham.  However, the trial court sustained Bonham=s
objection that Hill had not been designated as an expert. 

On appeal, Legacy does not contend that it designated
Hill as an expert, but argues only that if we reject Legacy=s
argument that expert testimony is not required then Hill should qualify as an
expert because he has the knowledge, training, and education to testify
regarding repair costs.  Based on the
case law above, we hold that expert testimony is required to prove the
reasonableness and necessity of repairs. 
See Ha, 1995 WL 516993, at *2; see also Executive
Taxi/Golden Cab, 2004 WL 1663980, at *1. 
Therefore, we proceed to analyze whether Hill can testify as an expert.








Although the record indicates that repairs were
made to the vehicles by Hill=s
technicians under his supervision, Texas Rule of Civil Procedure 193.6
prohibits a party from offering evidence that was not timely disclosed in a
discovery response unless the court finds that (1) there was good cause for the
failure to timely make, amend, or supplement the discovery response, or (2) the
failure to timely make, amend, or supplement the discovery response will not
unfairly surprise or unfairly prejudice the other parties.  See Tex.
R. Civ. P. 193.6.  After reviewing
the record, we are unable to find any explanation by Legacy that there was good
cause for its failure to disclose Hill as an expert or that Bonham was not
unfairly surprised because, as noted above in the background section, Legacy
did not file its counterclaim seeking these damages until one week prior to
trial.  Therefore, we hold that the trial
court properly excluded Hill=s
testimony regarding the cost of repairs because Hill was not designated as an
expert.  See Ha, 1995 WL
516993, at *2.  We overrule Legacy=s second
issue.

V.  Ineffective Assistance of Counsel Claims in a
Civil Case








In its third issue, Legacy argues that it
received ineffective assistance of counsel during the trial and argues in its
reply brief that the doctrine of ineffective assistance should be applied in
civil cases.  The doctrine of ineffective
assistance of counsel does not extend to civil cases in general.  See McCoy v. Tex. Instruments, Inc.,
183 S.W.3d 548, 553 (Tex. App.CDallas
2006, no pet.); Green v. Kaposta, 152 S.W.3d 839, 844 (Tex. App.CDallas
2005, no pet.); Cherqui v. Westheimer St. Festival Corp., 116 S.W.3d
337, 343 (Tex. App.CHouston [14th Dist.] 2003, no
pet.).  Although exceptions to the
general rule have been made to apply the doctrine to parental termination
cases,[3]
no exception has been made for suits on sworn account, and we decline to create
such an exception.  Therefore, we apply
the general rule that there is no right to effective assistance of counsel in a
civil matter.  See McCoy, 183
S.W.3d at 548; Green, 152 S.W.3d at 844; Cherqui, 116 S.W.3d at
343.  Accordingly, we overrule Legacy=s third
issue.

VI.  Attorney=s Fees Were Reasonable








In its fourth issue, Legacy claims that there is
no basis to support the attorney=s fees
awarded by the trial court.  Legacy
Motors does not argue, however, that Bonham is not entitled to any attorney=s fees
but rather that the amount of attorney=s fees
awarded by the trial court was excessive and unreasonable.  Bonham urges us to disregard this argument by
Legacy because Legacy stipulated during trial that the attorney=s fees
sought by Bonham were reasonable and necessary.[4]  We have reviewed the record and found Bonham=s
response to be true.  Consequently,
Legacy is estopped from arguing on appeal that the attorney=s fees
awarded by the trial court were not reasonable. 
See Houston Lighting & Power Co. v. City of Wharton,
101 S.W.3d 633, 641 (Tex. App.CHouston
[1st Dist.] 2003, pet. denied) (stating that stipulation serves as proof on an
issue that otherwise would be tried, is conclusive on the issue addressed, and
estops parties from claiming to the contrary). 
We overrule Legacy=s fourth issue.

VII.  No Bias Shown

In its fifth issue, Legacy contends that the
trial court exhibited a bias by interrupting the trial several times to allow
Bonham=s
attorney to handle matters in other cases pending on its docket.  Legacy specifically claims that the trial
court=s action
in conducting other hearings during the day at which Bonham=s
attorney appeared and represented a different party would cause a reasonable
member of the public at large to have a reasonable doubt as to the trial court=s
impartiality.  Bonham responds that
Legacy has reached outside the record in order to launch an unfounded and
unnecessary attack upon the integrity of the trial court because Legacy does
not claim that it was harmed by the disruptions. 








The existence of disqualification of a judge may
be urged at any time.  Robb v. Robb,
605 S.W.2d 390, 392 (Tex. Civ. App.CEl Paso
1980, no writ) (citing Pinchback v. Pinchback, 341 S.W.2d 549, 553 (Tex.
Civ. App.CFort Worth 1960, writ ref=d
n.r.e.)).  In a disqualification case
based upon a claim of bias, where the record is complete, the case may be
adequately reviewed on appeal to see whether the trial court was so biased
against a party as to affect his right to due process.  Stafford v. State, 948 S.W.2d 921, 925
(Tex. App.CTexarkana 1997, pet. ref=d).

>[J]udicial rulings alone
almost never constitute a valid basis for a bias or partiality motion,= and opinions the judge
forms during a trial do not necessitate recusal >unless they display a
deep-seated favoritism or antagonism that would make fair judgment
impossible.  Thus, judicial remarks
during the course of a trial that are critical or disapproving of, or even
hostile to, counsel, the parties, or their cases, ordinarily do not support a
bias or partiality challenge.=  

 

Dow Chem. Co. v. Francis, 46 S.W.3d 237, 240-41 (Tex.
2001) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct.
1147, 1157 (1994)).  Furthermore,
expressions of impatience, dissatisfaction, annoyance, and even anger do not
establish bias or partiality.  Francis,
46 S.W.3d at 240.  AA judge=s
ordinary efforts at courtroom administrationCeven a
stern and short-tempered judge=s
ordinary efforts at courtroom administrationCremain
immune.@  Id. (quoting Liteky, 510 U.S.
at 556, 114 S. Ct. at 1157).








Although Legacy complains about disruptions
during the trial, the record reflects only six instances when the court
recessed, and some of the recesses appear to be at Legacy=s
request.  A recess was taken to enable
the judge and the court reporter to take a break, another recess was due to an
unnamed Ainterruption,@ and one
recess was taken to allow Legacy to go through some invoices.  After the sixth recess, the trial court
stated, A[T]hat=s the
last of our other cases, so let=s motor
on through.@ 
Based on the record, it is not obvious how many of the unexplained
recesses were due to hearings on other matters or how many of those matters
involved Bonham=s counsel.

Nothing in the record indicates any deep-seated
favoritism by the trial court toward Bonham. 
Consequently, we hold that Legacy has not established that the trial
judge held a bias against it.  We
overrule Legacy=s fifth issue.

VIII.  Frivolous Appeal

Bonham raises a cross-issue in its brief and has
filed a separate motion asking us to consider whether Legacy=s appeal
is frivolous.  Specifically, Bonham
argues that Legacy=s appeal is meritless and has
resulted in added expense and delay. 








The imposition of damages for frivolous appeals
is governed by Texas Rule of Appellate Procedure 45 and is a matter of
discretion with the reviewing court.  See
Tex. R. App. P. 45; Casteel-Diebolt
v. Diebolt, 912 S.W.2d 302, 306 (Tex. App.BHouston
[14th Dist.] 1995, no writ).  Although
imposing sanctions is within our discretion, we will do so only in
circumstances that are truly egregious.  See
Chapman v. Hootman, 999 S.W.2d 118, 125 (Tex. App.CHouston
[14th Dist.] 1999, no pet.); City of Houston v. Crabb, 905 S.W.2d 669,
676 (Tex. App.CHouston [14th Dist.] 1995, no
writ).  We find no such circumstances
here.  We therefore deny Bonham=s
cross-issue and motion requesting appellate sanctions.

IX.  Conclusion

Having overruled each of Legacy=s five
issues and having denied Bonham=s motion
requesting sanctions, we affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL F:  CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DELIVERED: September 13,
2007











[1]See Tex. R. App. P. 47.4.





[2]During the trial, Bonham
made the actual individual invoices available for inspection. 





[3]See In re M.S., 115 S.W.3d 534, 544
(Tex. 2003) (holding that statutory right to counsel in parental-rights
termination cases embodies right to effective counsel).





[4]       [Bonham=s attorney]:  Your Honor, I would like to testify regarding
attorney=s fees.

 

THE COURT:  Come on up.

 

[Legacy=s attorney]:  Your Honor, we=ll stipulate.

 

THE COURT:  As to reasonable and necessary fees of - - 

 

[Legacy=s attorney]:  Yes. 

 

Thereafter, the trial
court admitted an exhibit from Bonham containing the stipulated reasonable and
necessary attorney=s fees incurred in the
case, and Legacy did not object.